**THOMAS vs. BAILLO.**

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE PARISH
JUDGE OF THE PARISH OF RAPIDES PRESIDING.

Where a motion was made to dismiss the suit, because a copy of the
petition was not served on the defendant in the French language, his
vernacular tongue, the plaintiff was permitted at the same time to
*amend*, by filing a copy of the petition in the French language, and
having it served on the defendant.

The Code of Practice does not pronounce the absolute nullity of a petition
or pleadings, defective *in form* only; the nullity is relative, and the party
has a right to amend his pleadings.

In a possessory action, where the defendant alleges in his answer, that he
purchased the disputed premises from the government, and assumes to call
on the government to warrant his possession, the court will disregard this
part of the answer, and all the evidence that goes to establish or
invalidate titles on both sides.

The strict and legal inquiry in a possessory action is, " was the plaintiff the
actual possessor, as alleged by him, and did the defendant disturb him
and take possession."

The court is forbidden to give any weight to evidence in a record, which is foreign to the question at issue.

In a possessory action, when the judgment describes the contested premises with sufficient accuracy, to enable the sheriff to execute a writ of possession, accompanied with a copy of the judgment, without exercising a dangerous discretion, the judgment will not be disturbed.

This is a possessory action. The plaintiff alleges, he was in the peaceable possession of a tract of deadened and cultivated land, in the parish of Rapides, situated on both sides of the bayou Toro, more than three years before instituting this suit, when in February, 1832, the defendant, by forcible entry and detainer, ousted him of his possession, by which he has sustained damages, to the amount of three thousand dollars. He prays judgment for his damages, and to be restored to the quiet possession and enjoyment of the premises, and that the defendant be enjoined from any further disturbance.

The defendant pleaded a general denial; and that he had been about four years, in the peaceable possession of a tract of seven hundred acres of land, embracing the part now in contest, which he purchased from the government of the United States, and had a right to call the latter in warranty, and connect its possession with his own, which he does, and prays to be quieted in the possession of the whole of said tract of land.

The defendant's counsel moved to dismiss the suit, on the ground, that a copy of the petition was served on the defendant in English, when the French language was his vernacular tongue. The plaintiff, at the same time, moved to file an amended petition, and have a copy of the petition in the French language served on the defendant. The motion to dismiss was overruled, and the plaintiff's motion to amend his petition sustained, and a bill of exceptions taken by the plaintiff's counsel, to the opinion of the court.

The parties went to trial on these pleadings and issues.

*M'Crummen* (parish surveyor), a witness sworn for plaintiff, says he surveyed the land in controversy, in 1828, by instruc-

tions from the United States government, for the plaintiff, which was included in a tract of forty arpents front on both sides of Bayou Toro. Plaintiff asked witness, if he did not survey this land for him as claimant, under the confirmation of the United States government; to which witness replied in the affirmative, (excepted to.) Plaintiff being the claimant to the land under confirmation from government, witness was instructed to require of him the payment of the surveyor's fees, which were paid accordingly.

*Blundell,* one of the chain carriers, testified, that the surveyor laid off the tract of forty arpents front on both sides of bayou Toro, which included all the cleared and deadened land, &c.

*McCrummen,* cross-examined, says, in 1830 or 1831, at the request of the defendant, he traced out sectional lines, partly within the limits of the survey made for the plaintiff, as above stated, which land defendant claimed, under a purchase from the United States government, (excepted to.)

*Gillard,* witness for defendant, says, he entered the land in controversy, for the defendant, in the land office, the 27th December, 1830. Defendant took possession of the land, in February, 1831, and in April following, placed some hands on it, to deaden timber, &c.

Several other witnesses were called, and examined on both sides, touching the possession, and the part of which the plaintiff complains he was dispossessed.

The parish judge, who presided in the place of the district judge, who recused himself, gave judgment, restoring the plaintiff to the possession of the land claimed by him; designating his boundary and limits, and quieting him in the possession thereof; and decreed him the sum of one hundred and twenty dollars, in damages with costs. The defendant appealed.

This case was argued by *Mr. Thomas, in propriâ personâ,* on the part of the plaintiff, and by *Mr. Winn,* for the defendant.

*Bullard, J.,* delivered the opinion of the court.

The first question presented in this case, for our solution, is whether the court erred in refusing to dismiss the petition, on the motion of the defendant, on the ground, that the French language was the vernacular tongue of the defendant, and the petition should have been served in that language ; and in allowing the plaintiff to amend, by filing a copy in French, and having a citation in that language served. It appears from a bill of exceptions in the record, that the defendants counsel moved the court orally, (the making of which motion orally, was expressly agreed to by the plaintiff) to dismiss the suit on the ground the French language is the vernacular tongue of the defendant, which fact was admitted, and that, thereupon, the plaintiff moved for leave to amend by filing a copy of the petition in French, and to have a citation served in that language.

This motion, we suppose, is to be considered as an exception, and it is contended by the defendant, that it is a peremptory one, which precluded any amendment, and which could only be followed by a dismissal of the suit. The article 172 of the Code of Practice enacts, "that the petition when either party speaks the French language, as a mother tongue, must be drawn in the French and English languages." The same expression, "*must be,*" is applied to all the required forms and particulars of a petition, such as the names, surnames and places of residence of the parties. But the Code does not pronounce the absolute nullity of a petition defective in these particulars. The nullity is, therefore, only relative, and the defendant has undoubtedly a right to require the petition and citation, to be in both languages, on showing that his native language is French," but it does not necessarily follow, *that the* suit must be dismissed. The Code authorises amendments, even after issue joined, under certain restrictions, for the ends of justice ; and it does not appear to us the court erred in this case, in allowing the amendment, and ordering a further service to be made on him. If the action had become prescribed before the second service, it would present a serious question, which service would be con-

WESTERN DIST.
*October*, 1834.

THOMAS
*vs.*
BAILLO.

Where a motion was made to dismiss the suit, because a copy of the petition was not served on the defendant in the French language, his vernacular tongue, the plaintiff was permitted at the same time to amend by filing a copy of the petition in the French language and having it served on the defendant.

The Code of Practice does not pronounce the absolute nullity of a petition or pleadings defective *in form* only; the nullity is relative, and the party has a right to amend his pleadings.

sidered as interrupting the prescription. That question does not arise in this case, because a year had not elapsed between the act complained of in the petition, and the date of the second service ; and an answer was filed at the subsequent term, in which prescription of the action is not pleaded. In relation to an exception, founded on a defect in the petition, analogous to this, we held that the amendment was properly allowed. 6 *La. Reports*, 380.

The petition sets forth, that the defendant had dispossessed the plaintiff of a tract of deadened and cultivated land, on both sides of the Toro, in the parish of Rapides, which he had possessed quietly and uninterruptedly, for more than three years, and he prays to be restored to the possession of the premises, with damages.

The defendant in his answer, denies all the facts and allegations relied on by the plaintiff, and further alleges, that he has been, for about four years, in the peaceable, uninterrupted and continued possession, of about seven hundred acres of land, which he derived from the government, by purchase, " and he has the right to call the government in warranty, and to connect the possession of the government with his own, which he does ; he prays judgment against the plaintiff, and that he may be quieted in his possession of the whole of the land, purchased from the government," &c.

The action is strictly possessory, and in relation to questions of title and the nature of the evidence to be admitted, we are governed by the positive enactments of the Code of Practice.

"The plaintiff in a possessory action, needs only, in order to make out his case, to prove that he was in possession of the property in question, in the manner required by this Code, and that he has been either disturbed or evicted, within the year previous to his suit. So that when the possession of the plaintiff, or the act of disturbing him is denied, no testimony shall be admitted, except as to the fact of the possession, or as to the act of disturbance,[?] and all testimony relative to property shall be rejected." *Code of Practice, article* 53.

" When the possession of the plaintiff is accompanied with all these circumstances, it matters not whether he possesses

in good or in bad faith, or even as an usurper, he shall nevertheless be entitled to his possessory action." *Code of Practice, article* 49.

The circumstances here referred to, are that he should have been in the real and actual possession at the instant when the disturbance occurred, that he should have had that possession for more than a year, with one or two exceptions; that he should have suffered a real disturbance either in fact or law, and that he should have brought his suit at least within the year.

With principles so clearly announced as our guide, we cannot be mistaken in saying, that we are bound to disregard, altogether, that part of the answer which alleges a purchase from government, and assumes to call on the government to warrant the possession of the defendant, and all that evidence which goes to establish, or to invalidate titles on both sides, and to confine ourselves to the single inquiry, was the plaintiff the actual possessor, as alleged by him, and did the defendant disturb him and take possession ?

The cause was tried in the court below, without the intervention of a jury, and as all the evidence is in the record, it is not necessary to notice any further, the bills of exceptions. We are forbidden to give any weight to that which is foreign to the question at issue. The court gave judgment in favor of the plaintiff, and the defendant appealed.

The facts that Pamplin had possessed an enclosed field, for several years, as the tenant of the plaintiff, and cultivated it; that on the first of January, 1832, it was leased to Glenn, who took possession, and began to work on it ; that in the temporary absence of his hands, the defendant came with, or sent his hands, and took possession, went on to cultivate it, and still retains possession, are abundantly proved. That adjoining this field, a large deadening had been made by the plaintiff, which was nearly fit for cultivation, was shown to the satisfaction of the court below. The extent of the premises thus possessed, is shown by the evidence. The enclosed land produced in 1831, about thirty bales of cotton. The possession of other lands in the neighborhood, on the part of

WESTERN DIST.
October, 1834.

THOMAS
vs.
BAILLO.

In a possessory action, where the defendant alleges in his answer that he purchased the disputed premises from the government, and assumes to call on the government to warrant his possession, the court will disregard this part of the answer, and all the evidence that goes to establish or invalidate titles on both sides.
The strict and legal inquiry in a possessory action is, "was the plaintiff the actual possessor as alleged by him, and did the defendant disturb him and take possession?"
The court is forbidden to give any weight to evidence in a record which is foreign to the question at issue.

In a possessory action, when the judgment describes the contested premises with sufficient accuray to enable the sheriff to execute a writ of possession, accompanied with a copy of the judgment, without exercising a dangerous discretion, the judgment will not be disturbed.

the defendant, which, for aught that appears, the plaintiff had no interest in contesting, and the numerous records of suits in the record, in relation to other lands, are foreign to this inquiry. On a careful examination of the evidence, we are not enabled to say, that the court erred in its conclusion. But it is contended that the judgment is so vague and uncertain, that it cannot be executed. On referring to the judgment, we find that the premises are minutely described, so as to enable the sheriff to execute a writ of possession, accompanied with a copy of the judgment, without exercising a dangerous discretion. We have had occasion to examine that subject at the present term, in the case of *Williams* vs. *Kelso, ante* 406, and we refer to the opinion in that case, for the view of the court upon that question.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

The defendant being dissatisfied with the decision and judgment of the court, presented a petition for rehearing. On considering and examining the petition, the court made the following modification of its judgment :

*Bullard, J.*

In this case a rehearing has been prayed for, and a minute examination of the evidence in the record, leaves a doubt in our minds, whether the building of a cabin within the deadened land, in 1831, amounted to a disturbance of the plaintiff, and if so, how far the actual possession of the defendant extended, before February, 1832, at the time he took possession of the enclosed land.

On this point, a rehearing is granted.