## LAVILLE *vs.* RIGHTOR.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE PARISH
JUDGE FOR THE PARISH OF ASCENSION PRESIDING.

The return day of the appeal cannot be prolonged by the clerk or judge
*à quo*, for time to make out the transcript or to do any posterior act.

The appeal in this case was taken the 20th February, 1837,
and made returnable to the first Monday of March following.
The transcript of the record was filed the 6th March, but no
citation accompanied it.   A citation was made out, in which it
stated,  "And whereas there was not sufficient time to make
out the record and have service effected," the appellee is
cited to appear on the *first* Monday of April following, etc.

*R. N.* and *A. N. Ogden,* for the appellee, moved to dismiss the appeal for want of citation, etc. The case of Hart *vs.* Fisk, 10 Louisiana Reports, 481, and others, were cited in support of the motion.

EASTERN DIST.
*May,* 1837.

TIO ET AL.
*vs.*
VANCE ET AL.

*Ilsley* and *Nicholls,* on the same side.

*Deblieux, contra.*

*Bullard, J.,* delivered the opinion of the court.

The appellee moves to dismiss the appeal, on the ground that it was allowed returnable in March, and the citation is to appear in April. It is stated in the citation itself, as a reason for thus postponing the return day, that there was not time to make up the transcript.

In the case of Hart *vs.* Fisk, we held that the return day of the appeal cannot be postponed by the judge *à quo* for the purpose of affording time to make up a transcript of the record. 10 *Louisiana Reports,* 481. Much less can it be done by the clerk, contrary to the order of the judge. The appeal must, therefore, be dismissed.