Tallai'iskho, J.
Tlio plaintiff sues the defendant for slander and claims $5,000 damages. The defendant puts iu a general denial, and adds, Unit if any such words were used by him as those charged iu plaintiff’s petition, they, were not spoken with malicious intent, and that plaintiff was nu.t thereby injured. In the Court a quo judgment was at lirst rendered in favor of the plaintiff for five hundred dollars, but it was afterwards, upon a now trial, reduced to two hundred dollars, From this judgment the defendant has appealed.
It seems that the defendant, having issued an execution upon a judgment he had obtained against one Roosk, had caused to be seized a coffeehouse and the stores it contained, as the property of his debtor. The plaintiff interfered by injunction, claiming the property as his own. This excited the ire of the defendant, who, it is shown, used on several occasions opprobrious epithets in speaking of the plaintiff—calling him a swindler and thief, and saying that he had committed perjury. No damages are proved ; but the charge against the plaintiff that ho had sworn falsely, and the calling him a swindler and thief, amount to a presumption of damage. There is no fixed rule, in cases of this sort, of assessing damages, and wc see no reason to alter the judgment which with the evidence before it, and in the exorcise of a sound discretion, was awarded by the Court below. Civil Code, Arts. 1928, 229*1. 11 La. 198. 10 An. 281.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.
Howell, J. recused.