*1105 The opinion of the court was delivered by
Renner, J.
Tn 1890 the General Assembly passed Act 10.7, entitled “An act to create the parish of Troy, and to provide for the organization thereof.”
The said proposed new parish is created exclusively out of the territory of the existing parish of Catahoula.
The 14th Section of the act provided for an enumeration of the inhabitants of the proposed new parish and of the parish' of Catahoula as it would be constituted after the creation of the former, said enumeration to be made by certain designated persons; and directed that said enumeration when made should be returned to the Secretary of State, and that in case said enumeration should show that each of said districts of territory contained 7000 or more inhabitants, then that the Governor should issue his. proclamation declaring the parish of Troy created and order an election ©f officers therefor.
After the promulgation of the act, the police jury of the parish of Catahoula, joined by certain property holders and tax payers of said parish, instituted an action in the Seventh Judicial District Court for an injunction restraining the persons named as enumerators from making or causing to be made said enumeration, or any return thereof, or in any manner attempting to carry out the provisions of said act; and for-a final judgment decreeing said act to be unconstitutional, null and void, and'perpetuating the injunction.
The respondent judge issued a preliminary writ of injunction as prayed for.
Thereupon the defendants in said suit appeared, and moved to dissolve said injunction on the face of the papers on various grounds, of which one was that it was premature and improvidently issued.
After due hearing, the judge rendered and signed a judgment rescinding and setting aside the injunction.
The plaintiffs then applied for and obtained a suspensive appeal from said judgment, returnable according to law at the next term of this court at Monroe, which appeal has been perfected by full compliance with all requirements of law.
The defendants now appear as relators herein, and invoke the exercise of the supervisory jurisdiction of this court by means of the writs of mandamus and prohibition.
*1106 The grounds upon which this relief is asked do not assail the jurisdiction .of respondent’s particular court either ratione personse or vatione materise; they rest on the broad predicate that the subject matter of the injunction suit lies outside the domain of the judicial . power, and that no court has the right to restrain by injunction the execution of an act of the Legislature of the character of the one here in controversy.
We can by no means concede the correctness of this broad proposition.'
The Constitution of the State has not invested the Legislature with unlimited discretion in the matter of creating new parishes and' of changing the boundaries of existing parishes. On the contrary, it devotes a special title to the subjectof “parochial affairs and boundaries,” wherein it imposes important limitations upon the legislative power in these respects and on the methods of exercising the same.
These provisions were undoubtedly intended as a protection of the rights of existing parishes and of the inhabitants thereof against encroachment by any legislative action not taken in strict conformity with their requirements.
The plaintiffs in the suit below, being the police jury of the parish of Catahoula and certain citizens and tax payers, averred that the Act No. 107 of 1890, which proposed to dismember its territory, change its boundaries and to create a new parish, is in violation of the constitutional provisions above referred to in several particulars specifically set forth, and, if carried into effect, will inflict upon them pecuniary damage exceeding $2000, and will otherwise do them an irreparable injury. They further averred that the defendants, acting exclusively under authority of said unconstitutional law, were about to take the first and fundamental step in execution thereof by making the enumeration provided thereby, and to return the same to the Secretary of State, and that if the said enumeration should show the necessary inhabitants, the Governor would, under the terms of the law, proceed to carry it into execution. On these grounds they asked for an injunction restraining the defendants from proceeding in execution of said act, and for a decree declaring the same to be unconstitutional, null and void.
Does such a pleading state a case or ask relief outside the domain of judicial cognizance or power? We think not.
A strikingly analogous ease arose before the Supreme Court of *1107 Tennessee, in which an injunction was applied for to restrain the proceeding of commissioners appointed to execute an act of the Legislature creating a new county, which was claimed to be in violation of the Constitution. The court maintained the right to the injunction, and used language fully applicable to the present case: ‘ ‘ The convention of the State, which formed the Constitution, thought proper to place restrictions on the power of the Legislature to create new counties; and of consequence, any attempt to do so, contrary to the restrictions, is a void exercise of power, which can and must 'be stopped by the judicial power of the State. There is no other-place to which an appeal can be made, and, if the courts can not interfere, the Constitution, if violated, is a dead letter.” Bradley vs. Commissioners, 2 Humph. 428.
This seems to us to be sound law, the recognition of which is ■absolutely essential to the maintenance of constitutional government, it covers not only the right of action, but also the specific relief by injunction, and its propriety in the incipient steps for the execution •of the act; for the court well said, in discussing the alternative vemedy by quo warranto: “The writ of quo warranto is not a prohibitive writ; and before the question arising under it could be determined much mischief could and would be done by the organization of the county, the thing sought to be prevented; and no •subsequent action of the court could by any possibility place the parties concerned in their original, uninjured condition. * * * If the establishment of the county be unauthorized, its organization ought to be prevented.”
• Indeed, in a subsequent case, where the complainants stood by and suffered the unconstitutional act to be executed by the complete organization of the new county, and then sought relief by proceedings to annuli the organization, the same court declined relief, saying: -“The prohibition of an act and the undoing of it after it has -been performed are very different things. * * * As long as the organization of the county is in fieri, the court has power over the •commissioners appointed by the invalid act, and may prohibit them from the exercise of the authority illegally imposed on them-by it; but the moment the power is executed and the county organized in pursuance of the statute, that moment the connection of the commissioners with the transaction ceases; they become, if the expression be legitimate, funeti officio, and the county becomes, under the *1108 statute, a political corporation of the State, and a court of chancery has no power to inquire into the validity of the act, and, as we apprehend, a court of law neither.” Ford vs. Farmer et al., 9 Humph. 152.
We unhesitatingly approve the doctrine of these decisions, at least as applied to laws of this character, without, however, extending it to laws in general, of which there are doubtless many, the execution, of .which could not be restrained by injunction of this character.
It follows, therefore, that an injunction at some stage of the preliminary proceedings in execution of this act is not merely the appropriate, but the only effective, remedy, open to parties injured thereby.
Relators, however, vigorously contend that the particular acts, covered by this injunction, viz: the enumeration of the inhabitants- and the return thereof to the Secretary of State, are matters of unquestionable legislative discretion and control, and that the courts-are powerless to interfere therewith. This position is specious, but not solid. The act of the Legislature, as appears from its title, -has no other object except “to create the parish of Troy and to provide-for the organization thereof.” The enumeration directed therein has no motive, purpose or meaning except as a step in the proceedings provided for the creation of the said parish. At what stage of these proceedings are the plaintiffs to exercise their right to proceed by injunction? If they wait until the enumeration is made and' returned, then if it exhibits the required" population, the act makes, it the duty of the Governor “to issue his proclamation declaring the-parish of Troy created, and to order an election of officers,” etc.. Are the plaintiffs to enjoin the Governor from issuing his proclamation and order? Or should they wait and enjoin the election? Or-should they wait still longer and enjoin the officers elected? It is obvious that whatever be the objections urged against the present injunction, much more serious ones would lie against any of the others.
The plain common sense of ■ the matter is that the injunction at the first stage of the proceedings, preventing their initiation, is the most simple, direct and efficacious remedy, and the one most in the interest of all parties concerned, in order that the vexed question-may be settled before expense and trouble, which may prove useless, are incurred.
- Relators further say that the injunction is, at all events, premature, because non constat that the enumeration will exhibit the num— *1109 ber of inhabitants required as a basis for any further action, in which •ease the plaintiffs could suffer no injury. To this position there are two answers:
1. It goes to the merits of the injunction, and not to the power of the court, and therefore has no place in this proceeding.
2. If such an anticipation should be correct, the injunction will have been nothing but a benefit to relators.
The foregoing considerations fully dispose of relators’ pretensions to relief, under our supervisory powers, on the ground that the injunction was, in its incipieney, ultra, vires of judicial power, and that all proceedings having effect, directly or indirectly, to give it effect or keep it in force should be vacated and annulled. If we had found such to be the case, we might have overcome the technical, objections urged against the particular forms of proceeding in which our supervisory jurisdiction was invoked. If we held that the injunction originally issued was beyond the domain of judicial power, we should have been very loth to permit it to remain for an instant in force under the effect of a suspensive appeal from the judgment •dissolving the same.
But holding, as we do, that the respondent judge in all his proceedings has not transcended the bounds of his jurisdiction or of judicial power, ail complaints of error therein must abide determination in ordinary course. This fully covers the application under the mandamus to vacate the order granting the suspensive appeal. That order was one clearly within the range of the judge’s powers, and our jurisprudence is uniform that he not only can not be compelled to vacate it, but that he has. no power to do so, except in cases where the order was manifestly improvident, as when the application had been made after the expiration of the delays required by law, or the like. 6 N. S. 463, Williams vs. Chew; 7 La. 416, Bridges vs. Merle; 9 La. 44, Executors vs. Babrock; 11 La. 198, Laville vs. Rightor; 15 La. 385, Ailing vs. Beamiss; 19 La. 167, State vs. Judge; 1 Rob. 527, Potier vs. Harman; 10 Rob. 419, Harbour vs. Brickel; 8 An. 434, State vs. Judge; 24 An. 598, State ex rel. Graham vs. Judge; 25 An. 622, State ex rel. vs. Judge; 27 An. 684, State ex rel. Ribet vs. Judge; 36 An. 192, State ex rel. Irwin vs. Judge; 39 An. 774, State ex rel. R. R. Co. vs. Judge.
The clear remedy of relators is on motion to dismiss in proper sea *1110 son, for. which we can not substitute a mandamus to vacate: State ex rel. Dodeman vs. Judge, 14 An. 60.
We wish it distinctly understood that we have not even hinted amt-opinion on the unconstitutionality vel non of the legislative act, ox-on any other question involved in the proceedings or in the merits-of the case, except the single one that the judge has not exceeded the bounds of his jurisdiction or judicial power.
It is therefore ordered and decreed that the restraining order-herein issued be set aside, and that the relief prayed for be denied..