Eastern Dist.
*January*, 1836.

LONGBOTTOM'S
EXECUTORS
*vs.*
BABCOCK ET AL.

## LONGBOTTOM'S EXECUTORS *vs.* BABCOCK ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The article 1004 of the Code of Practice, requires that opposition should be made to an executor's or curator's account, within *three* days after filing it; but it does not prohibit the making of opposition *after the lapse* of three days, and before the final judgment of homologation of the account.

Executors are legally incapable of purchasing the property of successions administered by them, at a sale provoked by themselves, and cannot gain at the expense of the estate they administer.

Executors are responsible for all the debts in the inventory not accounted for. They are bound to collect and account for all sums due to the estate, or show due diligence to collect and failure.

After a suspensive appeal has been allowed, the court below is divested of all jurisdiction in the case.

The depositor, to be entitled to his right of privilege, must make proof of the identity of the thing deposited : for it is of the essence of deposit, that the depositary should be bound, to keep the thing deposited and restore it in kind to the depositor.

A sum of money found in the store of a deceased agent, making part of a sum put into his hands to be disbursed on account of his principal, does not entitle the owner to a privilege on the succession of the deceased, as in case of a special deposit, when there is no evidence to show that this sum is the *same money* received by the deceased agent.

On the 31st of December, 1834, S. W. Nye, one of the executors of Joseph Longbottom, deceased, filed an account of the administration of himself and co-executor of the estate of said deceased, and prayed that notice be given to all concerned to make opposition according to law.

On the 10th of January, 1835, sundry oppositions were filed to said account. On the 15th of the same month, on motion of the counsel for the executors, the said account,

so far as it was not opposed, was homologated and approved by the court.

EASTERN DIST.
January, 1836.

LONGBOTTOM'S
EXECUTORS
vs.
BABCOCK ET AL.

The following extracts from the judgment of the Court of Probates shows the facts and grounds of the several oppositions, material to the case :

"The account of the executors is opposed, 1. Because they have only credited the succession with four hundred dollars for the proceeds of the lease of the house occupied by the deceased, when the evidence shows that at the sale, S. W. Nye, one of the executors had the lease adjudicated to him for four hundred dollars, and afterwards sold it to another person for nine hundred dollars. The court considers the testamentary executor had no right to make such a speculation, and that the succession is entitled to the profit, to wit, the sum of five hundred dollars.

2. Because the executors have not credited the succession with the amount of claims against various persons, as shown by the inventory and the books of the deceased amounting to about four thousand dollars. The executors were by law, to account for every claim which the succession had against other persons. It is very probable that many could not be collected, but the duty of the executors is to make out in a satisfactory manner the impossibility of collecting them ; and by their failing to do so, they must remain liable until they account for all those which the inventory pointed out to them, as being due to the succession, to wit, four thousand eight hundred and eight dollars : having accounted for only two thousand seven hundred and fifty-three dollars, the balance for which they are still liable, is two thousand and fifty-five dollars.

3. Cotton Henry contends, that the sum of one thousand one hundred dollars, which was found in the store of the deceased, was money deposited by him with the deceased, on the eve of absenting himself from the state, and that he is entitled to claim it by privilege on the funds of the succession.

The court after carefully examining the evidence, considers,
1. "That the identity of the money is not shown or proved.
2. "That the deceased does not appear to have acted as a

EASTERN DIST.
January, 1836.

LONGBOTTOM'S
EXECUTORS
vs.
BABCOCK ET AL.

depositor of the said Cotton Henry, but as a general agent. 3. "That he is properly credited for the said sum of one thousand one hundred dollars as an ordinary creditor, and as such, cannot be entitled to a privilege."

After recapitulating the various grounds of opposition and objections to the account, the judge proceeds to adjudge and decree that for the amount of claims mentioned in the inventory and not accounted for, amounting to two thousand and fifty-five dollars, the said executors be declared indebted to the succession for that sum, reserving, however, to said executors the right of showing within ten days from the date of this judgment, by satisfactory evidence, such as the return of original notes, due bills and other titles of claims, &c. This judgment was signed on the 18th of August, 1835.

On the 29th of August an appeal was prayed by the executors, and allowed, to the Supreme Court, against the judgment on the several oppositions to the account of administration.

Two days before the appeal was taken, to wit, on the 27th of August, the executors availed themselves of the ten days allowed them in the judgment to furnish proof and account for the sums charged to them as unaccounted for, and filed an amended account, and prayed that the original judgment be amended by diminishing the sums for which they were made liable in accordance with the documents and evidence accompanying the new account.

The new account with a mass of documents vouchers and evidence comes up with the record, but there is no decision or judgment of the court thereon.

*Buchanan and Culbertson*, for the executors and appellants, made the following points:

1. The oppositions to the executors' account, were not filed within the legal delay of three days after filing the account in court; they therefore came too late and should have been dismissed. *Code of Practice, articles* 1004, 1008.

2. The executors were made liable for the price of a lease sold at the sale of the succession, for more than double the

amount of the sale; this part of the judgment is erroneous and should be corrected.

3. The executors are erroneously and illegally charged with the whole amount of the accounts standing on the books of Longbottom, and notes in the inventory, although many of these accounts and notes are shown by testimony to be not only uncollected and unpaid, but wholly unsusceptible of collection or recovery.

*McMillan*, for the opposition of C. Henry, in reply.

1. The sum of one thousand one hundred dollars due this opponent, as found in the store of the deceased, should be set down as a privilege claim, and paid by preference as a special deposit, and also so as to make the executors unconditionally liable. *Louisiana Code, article* 3189. 3 *Louisiana Reports,* 532.

2. The judgment should also be amended so as to compel the executors to account for the lease of the store as appraised in the inventory; and to reject such claims against said succession as are not proved by legal evidence.

*Maybin*, for Babcock and others, who are opponents and appellees.

*Bullard, J.,* delivered the opinion of the court.

The testamentary executors of Joseph Longbottom, deceased, being ordered by the Court of Probates to file an account of their administration, an account and tableau were after some delay filed, to which numerous oppositions were made on various grounds, by creditors of the estate. The court, after hearing evidence and argument, gave judgment sustaining some of the oppositions and overruling others. The executors appealed.

Their counsel relies for a reversal of the judgment on the following points:

1st. That the oppositions to the account of the executorship were filed after the legal delay.

2d. That the executors are made liable for a lease at a higher rate than the same was sold for.

*Eastern Dist.*
*January, 1836.*

LONGBOTTOM'S
EXECUTORS
*vs.*
BABCOCK ET AL.

## 48    CASES IN THE SUPREME COURT

EASTERN DIST.
*January,* 1836.

LONGBOTTOM'S
EXECUTORS
*vs.*
BABCOCK ET AL.

The article 1004 of the Code of Practice, requires that opposition should be made to an executor's or curator's account, within *three* days after filing it; but it does not prohibit the making of opposition *after the lapse* of three days, and before the final judgment of homologation of the account.

3d. That the executors are charged with all the accounts standing on the books of Longbottom, and notes contained in the inventory, although many of these accounts and notes are shown to be not only not received by them but to be utterly bad and worthless.

In support of his first point, the counsel relies upon articles 1004 and 1008 of the Code of Practice, and upon several decisions of this court relating to the filing of opposition to the proceedings had before notaries in cases of surrender of property. The first article above mentioned requires that opposition should be made within three days after the filing of the account. But that article does not prohibit the making of opposition after the lapse of three days and before the final homologation of the account. In this respect there is an essential difference between this provision of the Code and that of the act of 1817, in relation to the filing an opposition to the proceedings before notaries. In the case of *Griffith* vs. *Minor,* we held, as a general rule, that "when an act is to be done within a given time, as the filing an answer and the like, it may be done afterwards if nothing occurs to prevent it. Thus, if a judgment by default has not been taken, an answer may be put in to the merits, although more than ten days have elapsed from the service of citation." 7 *Louisiana Reports,* 344.

In relation to the second point, it appears that one of the executors at the sale of the property of the estate, purchased the unexpired time of a lease at the sum of four hundred dollars and sold it soon afterwards at nine hundred. The Court of Probates condemned the executors to account for the lease at nine hundred dollars. We think he did not err.

Executors are legally incapable of purchasing the property of successions administered by them at a sale provoked by themselves; and cannot gain at the expense of the estate they administer.

Executors are in our opinion legally incapable of purchasing the property of successions administered by them at a sale provoked by themselves, and cannot gain at the expense of the estate.

The Court of Probates charged the executors with the amount of claims mentioned in the inventory and not accounted for, and the appellants complain that injustice has been done them, because these are bad debts and cannot be

recovered. In the judgment rendered below, the right is reserved to the executors of showing within ten days the non-payment of those claims by any satisfactory evidence. This part of the judgment is highly favorable to the executors. They had notice by sundry oppositions that the creditors would endeavor to hold them liable for those debts not collected by them, or if collected, not accounted for. On the trial of the opposition, no evidence of diligence was offered by them, and in strictness they might have been rendered finally liable; but the judge, thinking a great injustice might be done them, reserved to them the right within ten days of showing by legal evidence the insolvency, of the debtors or ineffectual diligence to make collections. The executors surely have no right to complain of this part of the judgment. If by appealing within the ten days they have delayed or defeated the right reserved to them, it is their own fault. We cannot look at the evidence offered under this reservation after the judgment was pronounced, because it has not been acted on by the court below, and after a suspensive appeal had been allowed, the court below was divested of all jurisdiction in the case. We can only examine the judgment such as it was originally rendered. The appellees and opposing creditors complain of that exercise of discretion on the part of the court below, and contend strenuously that the court had no right to suspend the effect of its own judgment by reserving such a right to the defendants. The proceeding is certainly not common and perhaps not strictly correct, but the judge had a right in his discretion to set aside the judgment and award a new trial if he thought injustice had been done. In exercising his discretion, he has thought proper to reserve to the executors a right to exonerate themselves from a part of the judgment within ten days, instead of opening the whole case under its peculiar circumstances. His discretion appears to have been soundly exercised.

One of the opposing creditors and appellees, Cotton Henry, prays that the judgment below may be so amended as to allow his claim for one thousand one hundred dollars to be.

The depositor, to be entitled to his right of privilege must make proof of the identity of the thing deposited: for it is of the essence of deposite, that the depositary should be bound to keep the thing deposited and restore it in kind to the depositor.

A sum of money found in the store of a deceased agent, making part of a sum put into his hands to be disbursed on account of his principal, does not entitle the owner to a privilege on the succession of the deceased, as in case of a special deposite, when there is no evidence to show that this sum is the *same money* received by the deceased agent.

paid by privilege, as for a special deposite, that sum being found in the store of the deceased.

The evidence in the record shows that the deceased was the attorney in fact of Cotton Henry, during his absence from the State, and that before his departure he had given his agent a check on one of the banks for one thousand three hundred dollars, to be disbursed on his account, and that the sum of one thousand one hundred dollars was found in the store of the deceased at the time of his death. But there is no evidence to show that this sum is the same money received by the testator. Article 3189, relied on by the opponent, requires, in order that the depositor may exercise his right of privilege, proof of the identity of the thing deposited. It is of the essence of deposite that the depository should be bound to keep the thing deposited and restore it in kind to the depositor. In this case the money appears to have gone into the hands of Longbottom as the agent of Cotton Henry. He was bound to account for it, but not to restore it in kind. He did disburse a part of it for the use of his principal. We therefore think the court acted correctly in rejecting the opponent's claim as a privileged one.

The same opponent makes in this court a further point, to wit, that the item for rent of the store ought to be rejected, as it is not shown to have been owing by the deceased. This does not appear to have formed any ground of opposition in the court below, and cannot be noticed here.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.