No. 112.—STATE OF LOUISIANA, ex rel. S. BELDEN, Attorney General, v. FRANCIS C. MAHAN.

After an appeal is granted, and the bond given and filed in the record, the jurisdiction of th; court a qua ceases, except to test the solvency of the surety on the bond. Therefore, a second order, rendered afterwards by the judge a quo, changing the return day, and granting further time to the appellant, is a nullity, and the appeal will be dismissed, if not filed in the Supreme Court, within the time allowed under the first order.

APPEAL from Eighth District Court, parish of Orleans. J. R. Beckwith, (attorney at law), Special Judge, vice Dibble, J., recused. Simeon Belden, Attorney General, and John Ray, for plaintiff and appellee. L. Madison Day, Rufus Waples, and G. H. Braughn, for defendant and appellant.

WYLY, J. A motion is made to dismiss this appeal, because the transcript was not filed in this court within three judicial days after the return day fixed by the district judge.

On the twenty-second of June, 1870, the appeal was granted, and the bond was filed on the same day, the return day being fixed on the first Monday of July, 1870, at Monroe. The record was not filed till more than three judicial days had elapsed after the return day. But, it appears, that the appellant obtained from the district judge on the seventh of July, an order extending the time of the return day till the eighth of July, 1870.

This order was an absolute nullity. The appeal having been granted, and the bond given, the district judge ceased to have jurisdiction of the case further than to test the sufficiency of the security on the appeal bond. 21 An. 152; 19 La. 178. The motion to dismiss is therefore well taken. 21 An. 210, 213.

Let the appeal be dismissed at the cost of the appellant.