No. 3049.—STATE ex rel. BEEBE *v.* THE JUDGE OF THE SECOND DISTRICT COURT, PARISH OF ORLEANS.

| 23 | 31 |
| 46 | 498 |
| 23 | 31 |
| 52 | 108 |

After a suspensive appeal has been granted and the bond has been given and filed, the jurisdiction of the judge *a quo* over the case is limited to testing the solvency and sufficiency of the surety on the bond. 21 An. 152

The judge *a quo* is, therefore, not competent, after he has granted a suspensive appeal and fixed the amount of the bond, to make an order declaring the appeal devolutive only on the ground that the bond is insufficient in amount for a suspensive appeal. But the remedy of the appellant in such a case is by a writ of prohibition, and not by mandamus. 21 An. 113.

APPLICATION for a Writ of Mandamus. *Fellows & Mills,* for relators. *Louis Duvigneaud,* Judge, respondent.

HOWE, J. Luc Beebe obtained a judgment against the succession of Charles Beebe, recognizing him as sole heir of Manette Dubreuil and decreeing the whole of the property contained in the inventory of the succession to be assets of the partnership, existing theretofore between Manette Dubreuil and the late Charles Beebe and Luc Beebe, as her sole heir, entitled to her share thereof, and directing the parties

to proceed to a partition. William Beebe, the administrator, applied for, and obtained, a suspensive appeal upon condition of giving a bond for three hundred dollars, which was accordingly given. Some days after, Luc Beebe took a rule to dismiss the appeal on the ground that the bond was insufficient (in amount) to suspend the judgment. This rule was made absolute " so far as to declare the appeal a devolutive and not a suspensive appeal.'

Thereupon, the administrator, William Beebe, relator herein, applied to this court for a mandamus to compel the judge to grant a suspensive appeal from the original judgment and to restrain him from further action, etc. A rule *nisi* was issued.

It seems clear that the judgment above recited is not one, the appeal from which is regulated by articles 575, 576 or 577 of the Code of Practice. It is not for a specific sum, nor for the delivery of a movable, nor does it decree the *delivery* of real estate. See State ex rel. Hickey *v.* Judge Fourth District Court, 29 An. 108. Following this decision, we must think that the bond given was sufficient to cover costs and so to suspend proceedings. If, therefore, the respondent had a right to take any step in the case, beyond testing the sufficiency of the surety, 21 An. 152, 113, he erred in declaring the appeal to be merely devolutive.

But the relator has mistaken his remedy, which should have been the obtaining of a prohibition. He does not need another suspensive appeal. State ex rel. Johnson *v.* Judge Fifth District Court, 21 An. 114.

It is therefore ordered that the application for the mandamus be dismissed at relator's cost, reserving to him the right to proceed, if necessary, by prohibition.