## No. 6285.

### MRS. NANCY LOTTSPEICH, TUTRIX, vs. JASON T. DIBOLL ET AL.

In a suit by Diboll against the Ætna Life Insurance Company judgment was rendered in his favor for the amount of the insurance policy, and the demand of Nancy Lottspeich, who had intervened and claimed the amount of the policy, was rejected. The company appealed, but the surety on the appeal bond having failed to justify, or not being good, execution issued, and the company paid to the sheriff the amount of the judgment. The intervenor had also taken a devolutive appeal. To prevent the sheriff from paying over to Diboll the money collected, the intervenor Lottspeich sued out this injunction. The court perpetuated the injunction, and Diboll appealed.

The court below erred. The controversy in regard to the rights of the contestants on the life insurance company was pending before this court on appeal, and the court *a qua* had no jurisdiction, further than to test the solvency of the sureties on the appeal bond.

The time for granting conservatory orders at the request of the litigants had passed. Until the appeal was disposed of by this court, the court below could grant no orders or assume no jurisdiction in the premises.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Labatt, Aroni & Clinton,* for plaintiff and appellee. *Ogden & Hill* and *John H. Ilsley,* for defendant and appellant.

WYLY, J. Jason T. Diboll sued the Etna Life Insurance Company on a policy of life insurance. Plaintiff intervened in the suit, claiming the amount of the policy and denying Diboll's right to any part thereof, except the amount of certain premiums advanced by him. Judgment was rendered in favor of plaintiff for five thousand dollars, the amount of the insurance, and the demand of the intervenor was rejected. From this judgment defendant took a suspensive appeal; the intervenor also took a suspensive appeal, as she alleges. The surety on the appeal bond of defendant failed to justify, or was not good; execution issued, and the insurance company paid to the sheriff the amount of the judgment.

To prevent the sheriff from paying over to Diboll the money collected on said judgment the intervenor sued out this injunction. The court perpetuated the injunction and Diboll appealed. We think the court erred. The controversy in regard to the rights of the contestants on the life insurance policy was pending before this court on appeal, and the court below had no jurisdiction, further than to test the solvency of the sureties on the appeal bonds. The time for granting conservatory orders at the request of the litigants had passed. Until the appeal was disposed of by this court, the court below could grant no orders or assume no jurisdiction in the premises.

It is therefore ordered that the judgment appealed from be annulled, and that the injunction herein be dissolved with judgment against plaintiff and the surety on the injunction bond *in solido* for one hundred and fifty dollars damages and costs of both courts.

Rehearing refused.