Edward Simon, for appellant. Martin & Voorhies, for Robert Martin, appellee.

PROVOSTY, J. The de cujus resided in this state for many years, died in this state, and left a succession in this state. His widow claims from his succession the $1,000 homestead. Her claim is resisted on the ground that she does not now and has never lived in this country. The facts are that she and her husband were married in Switzerland, their native country; that he deserted her there, and came to live in this country; and that she continued to live in Switzerland, not knowing of his whereabout.

As was said in the case of Succession of Christie, 20 La. Ann. 383, 96 Am. Dec. 411, the domicile of the husband must control and regulate the rights of the wife.

It is ordered, adjudged, and decreed that the judgment appealed from be set aside, and the opponent, Barbara Hofer, widow of F. J. Duplain, have judgment against the succession of F. J. Duplain for $1,000, as homestead, to be paid out of the succession funds in preference to all other debts except those for the vendor's privilege and the expenses of selling the property, and that the succession pay the costs of the opposition and of this appeal.

BREAUX, C. J., dissents.

———

(37 South. 756.)

No. 15,280.

Succession of HENRY.

(Jan. 4, 1905.)

APPEAL—DISMISSAL—EXECUTOR—APPOINT-
MENT—PARTIES.

1. An appeal will not be dismissed for defects in the form of the citation which are not attributable to the appellant.

2. Where an individual has applied for, and, in the absence of opposition, has obtained, an appointment as dative testamentary executor, and an appeal is thereafter taken, by a party interested, from the order making such appointment, the succession of the testator is not a necessary party to such appeal, and its representative, the dative executor, need not be cited.

3. Where it appears upon the face of the record that a dative testamentary executor has been appointed by the clerk of a district court sitting for a parish in which the will of the testator had not been produced, proved, or registered, the appointment will be vacated on appeal.

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robert Raymond Reid, Judge.

In the matter of the succession of Charles W. Henry. Harley A. W. Howcott was appointed dative testamentary executor. Sallie F. Henry filed an opposition, and from the judgment appealed. Reversed.

Saunders & Gurley, for appellant. Stephen D. Ellis, Benjamin Rice Forman, and Horace M. Roberts, for appellee.

Statement of the Case.

MONROE, J. On April 5, 1904, Harley A. W. Howcott presented to the district court of the parish of Livingston a petition representing that he had previously been appointed by said court administrator of the succession of Charles W. Henry, deceased, but that he had since learned that the deceased had left a will, which had been filed for probate in the district court for the parish of Tangipahoa, and that he had filed an opposition, on the ground that said court was without jurisdiction, to the application of Samuel F. Houston to be appointed dative executor of said will; and the petition concluded with a prayer that the petitioner be appointed dative testamentary executor, coupled with the allegation that inventories had already been taken. Agreeably to the prayer of this petition, and on proof of publication, the petitioner was appointed dative testamentary executor, and received letters as such dated April 21, 1904. On April 24, 1904, Mrs. Sallie F. Houston filed a petition alleging that she is the

widow of the deceased and guardian of his minor children, charging that the appointment of said Howcott had been obtained through fraudulent practices, which are specified, and praying that said appointment be annulled.

On April 29, 1904, Samuel F. Houston and Mrs. Sallie F. Houston, the latter appearing as the widow of the decedent, Charles W. Henry, filed oppositions to the application of H. A. W. Howcott (which, as has been stated, had been finally acted on upon April 21st preceding) to be appointed dative testamentary executor, and prayed that Samuel F. Houston be appointed to that office in his stead.

Thereafter, on May 14, 1904 (no action, in the meanwhile, having apparently been taken on her opposition), Mrs. Sallie F. Houston filed a petition praying for an appeal from the order appointing Howcott dative testamentary executor, and praying "for citation according to law of said Harley A. W. Howcott," etc., upon which petition the court made the following order, to wit:

"The foregoing petition and order considered, it is ordered that, on her giving bond with good and solvent security, conditioned according to law, in the sum of $250, a devolutive appeal to the Supreme Court of the state of Louisiana be, and the same is hereby, granted unto Mrs. Sallie F. Houston, widow of the late Charles W. Henry, from the judgment and order of this court herein rendered and signed April 21, 1904, by M. Cooper, clerk of this court, appointing Harley A. W. Howcott dative testamentary executor of the last will and testament of the late Charles W. Henry.

"It is further ordered that the said appeal be made returnable to the Supreme Court of the state of Louisiana on the second Monday in June, 1904. It is further ordered that the said Harley A. W. Howcott be cited, according to law, to appear and answer this appeal."

The only thing in the record which can be considered as having been intended for a citation, reads as follows, to wit:

"State of Louisiana, Parish of Livingston.
"Twenty-Fifth Judicial District Court.
"Succession of Charles W. Henry, deceased. No. 25.
"To Harley A. W. Howcott, residing in the parish of Orleans, La. Hereby take notice that Mrs. Sallie F. Houston, widow of the late Charles W. Henry, has filed a petition in this court asking for appeal to the honorable the Supreme Court of this state, and that an order granting the same has been duly issued, true copies of which accompany this notice."

The return of the sheriff shows that copies of this notice "and accompanying petition and order" were duly served on the appellee, who now moves to dismiss the appeal on the ground that no citation of appeal has ever issued or been served on him either in his individual capacity or as executor, and that no citation to him as executor was prayed for in the petition.

### On Motion to Dismiss.

The defects in the form of the citation are not attributable to the fault of the appellant, and do not involve the dismissal of the appeal. Upon the question of the failure of the appellant to pray for citation of the appellee in the capacity of executor and the want of citation to him in that capacity it is clear that he applied for the executorship as an individual, and that the judgment appealed from was one which affected him in his individual capacity alone. The succession of Henry is not, therefore, a necessary party to the appeal, and there is no reason why its representative, the dative testamentary executor, should be cited. The motion to dismiss is, accordingly, overruled.

### On the Merits.

It appears upon the face of the record that neither the original will of the decedent nor any copy thereof was produced or registered in the district court sitting in the parish of Livingston. The clerk of the court was therefore without authority to order its execution, or to appoint an executor. Rev. Civ. Code, art. 1688; Code Prac. art. 928 et seq.

It is therefore ordered, adjudged, and decreed that the judgment appealed from appointing Harley A. W. Howcott dative testamentary executor of Charles W. Henry, de-

ceased, be annulled, avoided, and reversed, and that the matter of the application of said Howcott for such appointment be remanded, to be proceeded with according to law; the costs of the appeal to be paid by the appellee.