was obtained without any proceedings taken contradictorily with the defendant, and was therefore absolutely null and void.

In view of the premises, defendant and appellant prays that she "be granted a rehearing in the above numbered and entitled cause, and that the judgment rendered by this court, as also that of the district court, be annulled, rescinded, and set aside, at plaintiff's costs in both courts."

An examination of the record sustains these allegations.

The transcript in the present case is made up of the proceedings in the suit for separation of bed and board up to and including the judgment of separation followed immediately without other pleadings, or proceedings by testimony adduced, showing that a year had elapsed since the judgment with no reconciliation between the spouses. This is followed at once by judgment of divorce. The judgment rendered under such circumstances and conditions cannot be sustained. See Gernon v. Hickey, 18 La. Ann. 454.

The present case was submitted to the court without appearance or brief on the part of either attorney, and the record showing that a judgment of separation from bed and board had been obtained, and a year had elapsed thereafter, without reconciliation between the spouses, followed by the judgment of the district court, granting a final judgment in favor of plaintiff for divorce, the court very naturally concluded that the appeal had been abandoned by defendant's attorney and in consequence did not scrutinize the proceedings therein very closely, acting on the presumption of omnia rite. It was certainly warranted in doing so, and we have to express our disapprobation of the course pursued by defendant's attorney in not presenting the facts of the case originally instead of holding them back to be brought forward on rehearing.

In view of the peculiar character of this case, and of the circumstances, we have to depart from our established rule in not allowing counsel to postpone his objections until rehearing. We are therefore compelled to reverse the judgment heretofore rendered in this case, and it is now so ordered. It is further ordered, adjudged, and decreed that the judgment appealed from be, and the same is, hereby annulled, avoided, and reversed at plaintiff's costs in both courts.

<hr>

(40 South. 635.)

No. 15,870.

Succession of HENRY.

(Dec. 4, 1905. Rehearing Denied Feb. 26, 1906.)

1. APPEAL—REVIEW.

The correctness of a judgment brought up by appeal cannot be affected by ex parte proceedings conducted after such appeal has been lodged in this court; nor will this court, upon an appeal from a judgment rendered upon an ex parte application, undertake to decide a question which, after litigation, has already been brought before it and is already pending on appeal.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 2191, 2192.]

2. COURTS—RES JUDICATA—LAW OF CASE.

Where different applications are passed upon in one judgment, and a litigant, feeling aggrieved by the denial of one of them, has a remedy by appeal or by answer to the appeal taken by the opposing litigant, but fails to avail himself of such remedy, he cannot be heard, ignoring the appeal so taken, to renew the application so denied.

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Clay Elliott, Judge.

In the matter of the succession of Charles W. Henry. Mrs. Henry, the widow of the decedent, was appointed dative executrix, and from an order denying petition to place her in possession of the property, Mrs. Henry and the Hibernia Bank & Trust Company appeal. Affirmed.

Saunders & Gurley, for appellant Henry. Stephen Dudley Ellis, Benjamin Rice Forman, and Horace Marshall Roberts, for appellee.

## Statement of the Case.

MONROE, J. Upon April 21, 1904, Harley A. W. Howcott was appointed dative testamentary executor of the decedent, and upon April 24th Mrs. Sallie F. Houston filed a petition alleging that she was the widow of the decedent and praying that the appointment so made be annulled, as having been obtained by fraud, and this was followed on April 29th by an opposition to said appointment, and on May 14th by an appeal from the order making the same. In the case thus presented, this court, in January of this year, found that neither the will nor any copy thereof had been filed in the district court when the executor was appointed, and rendered judgment annulling the appointment and remanding the case, to be proceeded with according to law. Succession of Henry, 113 La. 787, 37 South. 756. Subsequently there was litigated in the district court, upon pleadings, some, if not all, of which appear to have been filed after the appeal, to which we have referred, had been lodged in this court, the question whether there should be an administration or whether the widow and minor heirs should be put in possession, and, if an administration should be deemed necessary, whether the widow or H. A. W. Howcott should be appointed dative executrix or executor, the result being that, on May 24, 1905, the district court denied the application of the widow and heirs to be put in possession, decided that there should be an administration, dismissed the application of Howcott, and appointed Mrs. Henry dative testamentary executrix; and from the judgment so rendered Howcott lodged an appeal in this court under the number 15,736. 40 South. 253, 115 La. 874.

Thereafter, Mrs. Henry, who lives in Philadelphia, caused inventories to be taken and a tutor, domiciled in New Orleans, to be appointed to her minor children, letters of tutorship having issued on July 28, 1905; and on September 21, 1905, she and the tutor so appointed filed petitions praying that she and the minors be put in possession and authorized to give bond to secure the claim asserted by Howcott, which proceedings appear to have been entirely ex parte, there being no prayer that Howcott be cited and nothing to indicate that he was informed of them. Upon the applications thus mentioned, the judge a quo rendered a judgment, dated September 29, and filed in court October 2, 1905, for which he assigned the following reasons, to wit:

"In the above and foregoing petition, which I notice was filed by the clerk of the court on the 21st of this month (September), it is alleged by Mrs. Henry, and in which she is joined by the Hibernia Bank & Trust Company," that the succession of Charles W. Henry owes no debts in Louisiana, that there is no necessity for an administration, and that she (Mrs. Henry) should be sent into possession of the estate of the deceased in Louisiana, one-half as widow in community, and one-third as universal legatee, and that his children should, by means of their tutor, be sent into possession of one-third as forced heirs of the decedent, upon her giving bond in the sum of $35,000 to pay any judgment that Harley A. W. Howcott may recover against the estate on a claim asserted by him, etc. "There is no difference between the present petition and another one which was presented by her, filed April 10, 1905. The record of the Henry succession contains a number of petitions presented by Mrs. Henry and by Mr. Howcott. The record shows that Harley A. W. Howcott, previous to April 10th, presented a petition praying to be appointed administrator, etc. Afterwards, upon finding that Mr. Henry had left a will, he presented another petition, praying to be appointed dative testamentary executor, all of which Mrs. Sallie H. Henry opposed, as will be seen by reference to the succession record, and prayed to be put into possession upon giving bond, etc., but, in the event that an administration was held to be necessary, that she, instead of Mr. Howcott, be appointed dative testamentary executrix. These various petitions and oppositions were considered, and, after trial, for written reasons filed therewith, this court rendered a judgment in which her application to be put into possession was denied. An administration was held necessary, and she (Mrs. Henry) was appointed dative testamentary executrix," and she qualified by giving bond, taking oath, etc. "This judgment disposes of the question of sending her into possession, and stands as a final bar

thereto (unless it is set aside by the Supreme Court), until she has filed her final account as dative testamentary executrix, and the oppositions of Mr. Howcott, should any be made thereto, have been determined in due course of law, and she has been discharged from her said office, after which a petition to be sent into possession will be in order and will receive due consideration."

For the reasons thus assigned, the prayer of the petitioners was denied, with a reservation of their rights to renew the same when Mrs. Henry shall have been discharged as dative testamentary executrix, and from the judgment so rendered Mrs. Henry and the Hibernia Bank & Trust Company, tutor, prosecute this appeal.

### Opinion.

The proceedings which appear in this transcript are entirely ex parte, and relate to a matter which had already been presented (contradictorily with a litigant who asserts an interest) to the district court, and, by that court, adjudicated upon, in a judgment from which an appeal had been taken and lodged in this court. It is true that, upon November 7, 1905, the day following the filing of the transcript herein in this court, there was filed on behalf of the appellant a motion suggesting that the two appeals should be heard and decided at the same time. the concluding language of which reads: "That the present appeal, No. 15,870, be consolidated and heard with the appeal now pending in this court"—and, with the consent of the appellee, as we understand, the appeals were heard together. We are, however, of opinion that the effect of the order goes no further, and that each appeal must be decided upon its own merits, since it is clear·that the correctness of the judgment brought up by the former appeal cannot be affected by ex parte proceedings conducted after that appeal had been lodged in this court, and equally clear that, upon the present appeal, from a judgment rendered upon an ex parte application, this court will not undertake to decide a question which, after litigation, has already been brought before it and is now pending on appeal. When the former application, to which the judge a quo refers, was denied, the applicant had a remedy by appeal, or by answer to the appeal taken by the opposing litigant, and, whether she pursued that remedy or not, she was not entitled to be heard, whilst the appeal from the judgment denying her application was still pending, for the purpose of renewing the application (otherwise, she might continue in such course indefinitely), and, having renewed the application, we are inclined to think that·she was not entitled to an appeal from the judgment denying the same. Without passing on that question, however, it is enough to say that there is nothing in the transcript before us to justify this court in holding that the judgment appealed from is erroneous, and, subject to such reservation of rights as may be found in the decree this day handed down in the case No. 15,736 of the docket (40 South. 253),[1] said judgment is affirmed, at the cost of the appellant.

[1] 115 La. 874.