| CONSOLIDATED FUEL COMPANY, INC. | : | NO. 8889 |
| versus | : | COURT OF APPEAL |
| PUBLIC BELT RAILROAD COMMISSION | : | PARISH OF ORLEANS |

---

WILLIAM A. BELL , JUDGE:

---

December 11, 1922.

Court of Appeal,
Parish of Orleans

FILED Jan 14/ ...

285

BY: WILLIAM A. BELL, JUDGE:

## ON MOTION TO DISMISS APPEAL.

Motion is made by appellee to dismiss the appeal herein taken, upon the contention that no citation of appeal was issued to, or served upon, the appellee, and that this omission is attributable to the appellant.

We find from the record that on the 19th day of September, 1922, the trial court rendered judgment dissolving a temporary injunction obtained by the plaintiff against the defendant and appellee herein. On September 22, 1922, the plaintiff and appellant petitioned the court for suspensive appeal from said judgment, and prayed that citation of appeal be made upon the defendant through its proper officers, the appeal being made returnable to this court on October 20, 1922. From these dates, it is evident that the appeal was made in vacation, and therefore should have been taken, as it was, by petition and citation rather than by motion, all of which was done in accordance with the law. *136 La 69; 127 La. 149.*

It appears from the written motion to dismiss appeal filed in this court November 9, 1922, that the allegation is made that defendant and appellee has not been served with a citation of appeal, and that said failure was entirely due to the fault and negligence of plaintiff and appellant, in that appellant failed to order or pay for a copy of petition of appeal or order of citation of appeal. In support of this fact, there is annexed to the motion for appeal what is termed a "detailed list of all docket entries in chronological order" of the docket of the Civil District Court in relation to this cause, under filing number 143524. The certificate of the clerk in respect to this docket reads as follows:

> "I hereby certify that the above is a true and correct copy of all docket entries in the above numbered and entitled cause.
> (Signed) F.S.Buckley, Deputy Clerk."

286

Neither from the above certificate nor from any other source are we advised affirmatively that the plaintiff and appellant herein failed to pay in the clerk's office in the Civil District Court, if requested to do so, such costs as were necessary for the issuance of a copy of petition of appeal, the order thereon, or the copy of the citation of appeal. We cannot conclude from the record before us that the failure to issue these necessary documents or to serve the same upon the defendant and appellee herein was due to any fault of the plaintiff and appellant. and From a long line of jurisprudence consistent with reason and equity, it has been well established that an appellant cannot be prejudiced by the failure of the clerk of court to issue citation of appeal, unless it appears that the omission is attributable to the appellant, and where the matter is left in doubt as to whether the alleged fault for failure of citation is that of the appellant, the appeal taken will not be dismissed on that ground, for it must be affirmatively proven that the fault is that of the appellant or his counsel.

No other authority for this ruling need be cited than that so clearly set forth in the case of Gagneaux v. Desonier, 109 La., p.460. In this case, as in that, the motion to dismiss will be denied, and proper time given to the appellant within which to obviate the defect by having a copy of the petition of appeal and order thereon, and the citation of appeal, duly served as required by law. In such a case as the one now before us, the practice should prevail and orders remedial should be issued, as was done in the case above cited, and as finds approval in the more recent case of Toca v. Rogas, 152 La. p. - - (93 Sou.,p.108). See also, Taylor v. Allen, 151 La. p. -- (91 Sou. p. 635); 144 La. 282; 115 La. 432; 113 La. 787; 37 Ann.701; 33 Ann. 455; 32 Ann. 655.

Upon examination of the authorities cited by mover and appellee herein, Succession of LeSage, 112 La.,857; McCutcheon et al. v. Hudson, 132 La. 177, we find that these authorities are not applicable to the facts before us, in both

of said cases the prayer for service and citation of appeal having been omitted - facts quite contrary to those in the instant case - where the petition of appeal was predicated upon the prayer and order for citation of appeal.

It is therefore ordered that the motion to dismiss the appeal for want of citation of appeal be denied, and that this cause be continued, to the end that citation be issued and be served upon the appellee, and that fifteen days' time from the date of this order be granted the appellant for this purpose.

<u>MOTION FOR APPEAL DISMISSED.</u>

December 11, 1922.