No. 2398
Second Circuit

JAMES H. McCAIN v. GERTRUDE NENNETT, ET AL.

(February 8, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. Louisiana    Digest—Appeal—Par.    528, 532.

After an appeal has been perfected, the lower court loses jurisdiction of the case and cannot hear testimony on the question whether there has been acquiescence in the judgment.

2. Louisiana    Digest—Appeal—Par.    528, 532.

Under the Code of Practice Article 567 when the issue of execution or acquiescence vel non is raised in the appellate court, the case will be remanded for further evidence of execution or acquiescence.

Appeal from Thirteen Judicial District Court of Louisiana, Parish of Rapides, Hon. L. L. Hooe, Judge.

This is an action to establish a boundary between adjacent proprietors. There was judgment for plaintiff fixing the boundary. Defendants appealed. Plaintiff claimed acquiescence in the judgment of the lower court by the defendant. Case remanded to the District Court to try the question of acquiescence in the judgment appealed from.

Lamar Polk, of Alexandria, attorney for plaintiff, appellee.

T. F. Hunter, of Alexandria, attorney for defendant, appellant.

ODOM, J.    This is an action to establish boundary between adjacent proprietors. The case was tried in the District Court of Rapides parish on November 1, 1924, evidence adduced and the case submitted to and taken under advisement by the court.

On January 20, 1925, judgment was rendered in favor of the plaintiff, and on January 27, 1925, judgment was read and signed. The judgment ordered the boundary fixed and established as per a plat attached to and made a part thereof, and ordered the defendants to pay all costs of the proceeding.

No further action was taken in the District Court until April 3, 1925, when counsel for the defendants asked for a devolutive appeal to this court. Counsel for plaintiff being present, it seems, in open court, objected to the granting of the appeal, on the ground that the judgment had been acquiesced in by all of the defendants and that therefore they were not entitled to an appeal as a matter of law.

The order of appeal was granted by the court over counsel's objection and he reserved the right to file a formal motion to set aside the order of appeal and took a bill of exceptions to the ruling of the court granting same.

On April 11, 1925, plaintiff obtained a rule on defendants to show cause why the order of the court entered on April 3, 1925, granting them an appeal should not be set aside.

This rule was tried on April 24, 1925, and on April 27, 1925, the rule was dismissed and leave granted to plaintiff to ap-

ply for a rehearing, and on May 1, 1925, a rehearing was granted.

As already stated, the devolutive appeal was asked for and granted on April 3, 1925, and on the same day the defendants executed a bond for the appeal in the amount fixed by the court.

The appeal was made returnable in this court on May 4, 1925, and on that date the transcript was lodged here.

The judge of the District Court refused to hear evidence on the question of acquiescence in the judgment on the ground that he had lost jurisdiction of the case, the appeal having been perfected.

The plaintiff having failed to get relief in the District Court has filed in this court a motion to dismiss the appeal on the ground that the defendants had, prior to the granting of the appeal, acquiesced in the judgment, for which reason they were not entitled to an appeal, and he has attached to his motion in this court the sworn affidavit of the plaintiff setting forth that pursuant to the judgment of the District Court rendered on January 20, 1925, the surveyor appointed by the court had established the boundary between the properties and that immediately the defendants removed their improvements from the plaintiff's property and rebuilt their fences on the new line established by the order of the court and fixed by the surveyor, and that they voluntarily paid the costs of the court and verbally stated that they were doing so in order to comply with the judgment of the court.

Code of Practice, Article 567, provides that a party against whom a judgment has been rendered cannot appeal

"* * * if such judgment has been confessed by him or if he has acquiesced in the same by executing it voluntarily."

If, as stated in the plaintiff's motion made in this court, which is supported by affidavit, defendants voluntarily acquiesced in

the judgment prior to the date on which the appeal was asked for and granted, they were clearly not entitled to the appeal.

But the question whether they did so acquire is one of fact and this court can receive no original evidence on that point.

When the issue of execution or acquiescence vel non is raised in the appellate court, the case will be remanded.

(See numerous cases cited under Article 567 of the Code of Practice.)

In this case the motion to dismiss is founded upon the legal right of the defendants to the appeal.

After an appeal has been granted and perfected, the lower court loses jurisdiction of the case and cannot hear testimony on the question whether there has been acquiescence in the judgment.

"In such a case the appellate court being vested with jurisdiction of the appeal and the court a qua being divested of jurisdiction over the case, the motion to dismiss on the ground of acquiescence in the judgment must be made in the appellate court and if the facts of acquiescence do not appear in the record the case will be remanded with instructions to the judge a qua to take evidence on and try the question of acquiescence in the judgment appealed from."

James vs. Fellowes & Co., 23 La. Ann. 37.

State, ex rel. St. Martin vs. Police Jury, 28 La. Ann. 272.

Evans & Taylor vs. Succession of Ethride, 29 La. Ann. 576.

These cases are directly in point. Others might be cited, but it is not necessary to do so.

For the reasons assigned, it is therefore ordered, adjudged and decreed that this case be remanded to the District Court and that said court try the question whether the appellants voluntarily acquiesced in the judgment appealed from, and that its findings and judgment upon that issue be sent up to this court in due course.

Costs to await the final decree.