No. 3028

Second Circuit

## STATE EX REL. TOWER v. BELL

(May 9, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Courts—Par. 14, 15, 126; Appeal—Par. 380.**

Only after a suspensive appeal has been obtained and perfected does the lower court cease to have jurisdiction.

2. **Louisiana Digest—Appeal—Par. 283.**

An appeal is perfected only by the execution and filing of such bond as may be fixed by the lower court or as may be fixed by law.

3. **Louisiana Digest—Appeal—Par. 320.**

Under Article 575 of the Code of Practice a suspensive appeal from a money judgment is fixed at one-half exceeding the amount of the judgment.

4. **Louisiana Digest—Courts—Par. 14.**

The judgment of an inferior court whose judgment has been appealed from retains jurisdiction to determine primarily the character of the appeal taken, whether suspensive or devolutive.

5. **Louisiana Digest—Mandamus—Par. 19, 32.**

Writs of prohibition, mandamus and certiorari will not be issued by the Court of Appeal to fix the bond for a suspensive appeal from the trial court where a money judgment has been appealed from, the judge not fixing the amount of the suspensive appeal bond and the amount of bond filed being less than that required by Article 575 of the Code of Practice.

Application for writs of prohibition, mandamus and certiorari to First Judicial Dis-

trict Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by State ex rel. Mrs. Emma E. Tower against T. F. Bell, Judge of First Judicial District Court of Louisiana, Parish of Caddo.

Application denied.

BY THE WHOLE COURT. On December 13, 1926, judgment was rendered in the First Judicial District Court of Louisiana in and for the parish of Caddo, reviving a judgment rendered on May 13, 1916, in the case of J. C. Umbarger versus Mrs. Emma E. Tower. Mrs. Tower asked for and was granted an appeal to this court, suspensive and devolutive, the devolutive appeal bond being fixed at $100.00 and the suspensive appeal bond being fixed "according to law". The original judgment which was revived was a money judgment for $388.20.

Following the orders of appeal and within the delay allowed to perfect the same, defendant in that suit, relatrix here, filed a bond with surety for the sum of $100.00, the bond reading in part as follows:

"The condition of the above obligation is such that whereas the above bounden Mrs. Emma E. Tower has applied for and obtained an order for a suspensive and devolutive appeal from a final judgment rendered against her in the cause entitled J. C. Umbarger vs. Mrs. Emma E. Tower, No. 21043 on the docket of the First Judicial District Court, Caddo parish, La., a motion for a new trial in which case was overruled by said District Court on December 13, 1926, said appeal being made returnable to the Court of Appeal, Second Circuit, Shreveport, Louisiana, on January 24, 1927."

No other bond was filed.

The appeal was made returnable in this court on January 24, 1927, and the transcript was promptly filed here.

On February 10, 1927, plaintiff, appellee, served notice on appellant that the bond filed was insufficient in amount for a suspensive appeal bond. The notice was duly served on appellant by the sheriff as required by law. Appellant refused or neglected to file another bond.

On February 17, 1927, plaintiff, appellee, ruled defendant, appellant, relatrix here, to show cause why the suspensive appeal taken should not be dismissed and an order of execution issued.

Relatrix filed an exception to the rule and moved that the same be dismissed for the reason that the lower court had no further jurisdiction of the cause, an appeal having been granted and the transcript having been previously filed in the appellate court.

The exception to the jurisdiction was overruled by the District Judge and appellant answered, admitting that she had filed a bond for only $100.00 but set up that a bond for that sum was sufficient for the suspensive appeal.

There was judgment on this rule decreeing:

"That the appeal taken in the above entitled matter and bond given therein by defendant, Mrs. Emma E. Tower, be and is hereby decreed to be a devolutive appeal only."

And execution of the judgment was ordered.

Relatrix applies to this court for a writ of certiorari directed to the judge of the District Court commanding him to send up the entire record in the case, to the end that the validity of the proceedings may be inquired into; that a writ of prohibition issue to said judge and the sheriff restraining and prohibiting them from proceeding further with the sale of relatrix's

property under said judgment pending final orders of this court; and that a writ of mandamus issue commanding the said judge to show cause why said writs should not issue and he be restrained from assuming jurisdiction of the matter of the suspensive appeal taken by relatrix.

## OPINION

The burden of relatrix's complaint is that the judge of the District Court was divested of all jurisdiction of the case when the appeal was lodged in this court.

It is unquestionably true that once an appeal is properly lodged in an appellate court the lower court has no further jurisdiction of the case except to pass upon the solvency and sufficiency of the sureties on the appeal bond. No citation of authority is necessary on that point.

But it is as equally well settled that it is only after a suspensive appeal has been obtained and perfected that the lower court cease to have jurisdiction.

State vs. Tissot, 34 La. Ann. 90, and cases there cited.

An appeal is perfected only by the execution and filing of such bond as may be fixed by the lower court or as may be fixed by law. An appeal is not and cannot be perfected by the filing of a bond not in accordance with the order of the lower court.

The question therefore arises whether relatrix perfected her appeal by making the proper bond. If she did, the lower court was divested of jurisdiction. If she did not, jurisdiction was not divested.

The suit was to remove a money judgment for $388.20.

The suit to revive was not a new suit but was a mere continuation of the original suit. The original judgment not having been satisfied, the old suit was still pending.

Scherrer vs. Canoza, 33 La. Ann. 314.

The original judgment being one for the payment of money, or a money judgment, the judgment ordering it revived was likewise a money judgment.

The judgment ordering the original judgment revived and continued was no more nor less than a decree perpetuating the original order commanding defendant to pay to plaintiff the sum of $388.20.

Relatrix appealed from the revival judgment devolutively and suspensively. The court estimated the costs at $100.00 and ordered that a devolutive appeal bond be given in that sum, and ordered the suspensive appeal bond fixed according to law.

The appeal being from a money judgment, the amount of the suspensive appeal bond is fixed by law.

Article 575 of the Code of Practice.

It should have been for a sum exceeding by one-half the amount for which the judgment was rendered. No such bond was given by the appellant. She executed bond for $100.00, which is the amount fixed by the devolutive appeal bond.

The fact that relatrix denominates said bond a suspensive appeal bond does not make it such. We think relatrix, in order to perfect her suspensive appeal should have filed a bond in accordance with Article 575 of the Code of Practice.

But even if that be not true, relatrix is in no better plight, for if the judgment appealed from be not a money judgment and the amount of the bond fixed by law, then the judge should have fixed the amount of the suspensive appeal bond,

which he failed to do. His order was that the suspensive appeal bond be fixed according to law. If the law fixed the amount of the bond at all, it should have been for a sum exceeding by one-half the amount of the judgment. If the law did not fix the amount of the bond, the amount was not fixed at all. Without the fixing of the amount of an appeal bond and the execution thereof in accordance with the order, there is no suspensive appeal.

In all cases where Article 575 of the Code of Practice fixing the amount of the bond at a sum exceeding by one-half the amount of the judgment is not applicable, the judge must fix the amount of the suspensive appeal bond, and where that is not done there is no suspensive appeal.

Day, et al., vs. Bailey, 116 La. 961, 41 South. 223.

If counsel for relatrix had considered that the amount of the bond was not fixed by law, as the lower judge thought it was, he should then and there have raised the question and asked the judge to fix the amount. The situation presented, therefore, is this:

If the law fixed the amount of the bond, relatrix should have made her suspensive appeal bond as provided in Article 575 of the Code of Practice. If the law did not fix the amount thereof, the judge should have fixed the amount, which he did not do. In either event no suspensive appeal was perfected, and therefore, the District Judge was within his rights when he ordered the execution of the judgment.

Over and above and aside from that, the judge of an inferior court whose judgment has been appealed from retains jurisdiction to determine primarily the character of the appeal taken.

State ex rel. Barthet vs. Houston, Judge, 37 La. Ann. 852.

That is what the judge did in this case. Relatrix was ruled to show cause why her appeal should not be considered devolutive only. The court heard the parties and adjudged that the appeal perfected was devolutive only. He was within his rights in doing so. If he erred in his judgment, relatrix had her remedy; but she has no rights under her application which she has made to us.

If the court should grant the relief asked for by relatrix, the result would be to suspend the execution of a money judgment for $388.20 upon her bond for $100.00.

For the reasons assigned the application is denied.