## BATES v. HAYDEN et al.
### Nos. 17093, 17094.

Court of Appeal of Louisiana. Orleans.
April 24, 1939.

Dufour, St. Paul, Levy & Miceli, of New Orleans, for appellants.

M. C. Scharff and Gordon Boswell, both of New Orleans, for appellees.

PER CURIAM.

Appellees file in this court a petition setting forth the necessity of completing the transcript of appeal which has already been filed here by incorporating therein the written reasons for judgment rendered by the court a qua. They pray for a writ of certiorari ordering the clerk of the Civil District Court to complete the transcript of appeal in these consolidated cases by filing a certified copy of the said written reasons.

Appellants object to the issuance of the said writ.

From the statements contained in the petition and in the opposition, it appears to be conceded that, during the course of the trial, counsel for plaintiffs requested the trial judge to give written reasons for such judgment as he should render. This he was compelled to do, as is made evident from a reading of Section 43, Article VII, Constitution of 1921. He readily agreed to do so, but later rendered judgment without reducing his reasons to writing. Appellants applied for appeals from the judgments which were rendered and, at the proper time, to-wit, on November 23, 1938, lodged the transcript in this court. Counsel for appellees apparently did not notice even then that no written reasons had been given by the trial court, for, without at that time taking any steps to secure such reasons, they, on January 4, 1939, filed a motion by which they sought to place the cases on the preference docket of this court. As a result of this motion, the preference was granted and the cases were fixed for argument on March 1, 1939. Continuances were obtained and, on March 27, 1939, the trial judge rendered written reasons for the judgment which he had rendered on July 11, 1938.

Appellants contend that these written reasons may not be made a part of the transcript here and may not even be considered by us for the reason that, when they were rendered, the court below had completely lost jurisdiction of the matter by the perfecting of the appeals.

It is, of course, well settled that "the jurisdiction of the Supreme Court in cases of appeal attaches on the filing of the bond of appeal, and the inferior court thereafter has no authority to take any steps in such cases, except such as are necessary to transmit the record and to test the solvency or sufficiency of the sureties on the appeal bond." Mundy v. Phillips, et al., 157 La. 445, 449, 102 So. 519, 521.

In Davidson v. Richard McCarthy Co., La.App., 166 So. 504, 505, appears the following: "The law is well settled that once an appeal is taken and perfected by the filing of bond, the trial court is divested of jurisdiction except for the purpose of testing the surety on the bond. Mundy v. Phillips, 157 La. 445, 102 So. 519." See, also, Pierson v. Victory Industrial Life Insurance Company, 18 La.App. 327, 328, 134 So. 425, 139 So. 65; Williams v. Chew, 6 Mart.,N.S., 463, 464; Longbottom v. Babcock, 9 La. 44; Lottspeich v. Diboll, 28 La.Ann. 772; Fink v. Martin, 10 Rob. 147; Harbour v. Brickel, 10 Rob. 419; State v. Judge, 21 La.Ann. 43; State v. Judge, 21 La.Ann. 152; State v. Mahan, 22 La.Ann. 449; State v. Judge, 23 La. Ann. 31; Board of Commissioners, etc. v. Howard Land & Timber Co., 132 La. 911, 61 So. 868; Board of Commissioners, etc. v. Concordia Land & Timber Co., 132 La. 915, 61 So. 869; Succession of Henry, 116 La. 202, 40 So. 635; Charvanel v. Esvard, 150 La. 305, 90 So. 658; Jaenke v. Taylor, 161 La. 996, 109 So. 814; Eureka Homestead Society v. Bethany, 178 La. 217, 151 So. 186; McCain v. Nennett, 3 La. App. 397; State ex rel. Tower v. Bell, 6 La.App. 245; Succession of Wm. Regan, 12 La.Ann. 156, 157.

Counsel for appellees call attention to Abood v. Louisiana Oil Refining Corp., et al., La.App., 155 So. 484, in which the appellate court considered written reasons which had been rendered after the appeal had been perfected, and contend that this case is authority for the view that such reasons, whenever rendered, may be incorporated into the transcript of appeal. That case does not so hold. There plaintiff, appellant, complained, among other things, that the written reasons on which he placed reliance had been rendered too late. The court of appeal found that plaintiff had not been prejudiced by this delay since

172

the reasons were found to be actually in the transcript of appeal.

█ There may be considerable doubt as to whether or not a writ of certiorari should be granted under the circumstances, for, as we have shown, it is settled that the lower court, after perfecting of the appeal, has no longer jurisdiction over the matter. But we have no doubt at all that the written reasons of the trial court will be of material assistance to us when we consider the facts which are involved on the merits of the controversy, and we therefore conclude that it would serve no useful purpose to refuse to order the written reasons incorporated into the transcript here for the reason' that we would in all probability remand the matter to the end that it might be reopened below and the trial court afforded an opportunity to render the written reasons which are now available. To remand the matter would add to the expense, would cause delay, and would serve no useful purpose. We have, therefore, concluded to grant the application for certiorari.

It is therefore ordered that the Clerk of the Civil District Court for the Parish of Orleans do make a certified copy of the reasons for judgment rendered by the Judge of the Civil District Court and transmit said certified copy to this court within fifteen (15) days; the said certified copy to become a part of the transcript of appeal already lodged in this court.

Writ granted.