McBRIDE, Judge.
Defendants applied for and were granted a suspensive appeal from an adverse judgment on May 17, 1951. The appeal was made returnable to this court on June 15, 1951.
On the return day, appellants filed a motion seeking further time to complete the transcript of appeal, for the reason that the transcription of the testimony of the witnesses had not been completed. Appended to the motion was an affidavit of the clerk of the lower court setting forth that the court reporter had no.t delivered the testimony to the clerk’s office. We extended the return date to July 12, 1951.
Appellants subsequently and timely had the return day extended on five occasions. Our last order extended the return day for filing the transcript in this court to January 7, 1952. This order was entered on December 6, 1951.
Appellee now moves to dismiss the appeal on the ground that on December 6, 1951, when the last extension was granted, the testimony in the case was complete and available to appellants, and that the transcript was not completed through the fault of appellants. .
Appellants have answered the motion to dismiss, setting forth that the trial judge stated that he intended to give written reasons for his judgment in the case, and that their counsel was informed by the clerk below that the written reasons had not been filed and for that reason the additional extension of the return date to January 7, 1952, was applied for.
The transcript is now before us, having been timely filed on December 18, 1951. Contained therein are the judge’s written reasons for judgment, in his own handwriting, bearing date of December 18, 1951, which were filed with the clerk below on the same day.
We believe that the extension of the return day to January 7, 1952, under the circumstances, was proper. The affidavit of the clerk below set forth that “the transcript is incomplete.”
The reasons for judgment are a necessary 'part of the record. According to Article 7, § 43, Constitution of 1921, all district judges, in contested civil, other than jury cases, wherein there is a right of appeal, when requested by either party, shall give in writing a finding of facts and reasons for judgment.
 When written reasons are given for judgment, no matter whether pursuant to request or not, they come up with the judgment for review. Pitre v. Guidry, La.App., 147 So. 767. While the requirement ■seems to be that the reasons should be filed at the time of the rendition of the .judgment, it matters not if they are subsequently given. Abood v. Louisiana Oil Refining Corp., La.App., 155 So. 484. Written reasons of the trial court can be of material assistance to the reviewing courR and it has been held that certiorari may even be granted ordering the reasons for judgment incorporated in the transcript, notwithstanding that they were handed down after the appeal was perfected. Bates v. Hayden, La.App., 188 So. 170.
We perceive no merit in the motion to dismiss the appeal, and it is denied.
Motion denied.