**65 So.2d 787**
**BINKS MFG. CO. v. GUILLOT.**

No. 38407.

April 27, 1953.

Rehearing Denied June 1, 1953.

Philo Coco, Marksville, and Warren M. Simon, New Orleans, for defendant-appellant.

Marc Dupuy and Francis J. Gremillion, Marksville, for plaintiff-appellee.

HAMITER, Justice.

Demanding a judgment in the sum of $4672, plaintiff alleged herein that in the year 1943 it sold and delivered to defendant certain equipment at an agreed total price of $16,672, for use in connection with contracts held by him at Baton Rouge Harding Field, Lake Charles Army Flying School, and DeRidder Airport, and that only the sum of $12,000 has been paid.

Answering, defendant admitted the purchases and his making payments thereon, all as alleged in the petition. But he averred that plaintiff failed to install the equipment in accordance with its agreement and, as a result, he was required to make the greater part of the installations, furnishing the necessary labor and material, at a cost to him of $6670.33. He prayed that plaintiff's suit be dismissed and that he have judgment in reconvention in the sum of $1998.33.

The court, after a trial of the merits, recognized the correctness of plaintiff's claim for $4672 (admitted by defendant), but concluded that defendant was entitled to offset, or recover in reconvention, the sum of $2172. Accordingly, it rendered judgment in plaintiff's favor and against the defendant for $2500.

Before the signing of the judgment defendant filed a motion in which he prayed that the court grant a new trial and, alternatively, give in writing a finding of facts and reasons for its judgment, the averments thereof being:

"Your mover shows that the judgment rendered in this case is contrary to the law and the evidence adduced at the trial hereof.

"The typewritten transcript of the evidence filed in the record hereof does not contain all of the oral and written testimony offered at the trial hereof; that said transcript of evidence filed herein does not contain a large portion of the oral testimony, is disconnected and wholly and completely lacking in continuity compared to the sworn spoken and oral testimony offered at the trial hereof.

"The record in this case, including the transcript of evidence, is too incomplete and inadequate to permit defendant to properly present his case on appeal and to permit the Appellate Court to properly consider the issues involved.

"The record and particularly the transcript of the proceedings at the trial hereof does not contain many of the objections to trial procedure and rulings of the Court made at the trial hereof.

"And now alternatively and only in the event this Court should refuse to grant your mover and defendant a new trial herein, your mover shows that this is a contested civil case, tried without jury and in which your mover has a right of appeal and specially requests this Honorable Court to give in writing a finding of facts and reasons for its judgment in accordance with the provisions of Section 1, Article 7 of the Constitution of 1921."

Following the court's overruling of that motion and signing of the judgment on October 22, 1946, defendant perfected a suspensive appeal. Plaintiff neither appealed nor answered defendant's appeal.

Approximately five and one-half years after the transcript was lodged in this court appellant applied for and obtained an order advancing the appeal on the docket for argument and submission. Subsequently, he moved in writing that the judgment be set aside and the cause remanded to be tried anew, the reasons assigned therefor being substantially those that were listed in the motion for a new trial filed in the district court (above quoted). He complained, additionally, that the judge did not grant the alternative request to give in writing a finding of facts and reasons for judgment.

On the hearing of the appeal appellant's counsel submitted a brief devoted almost exclusively to the motion to remand. Respecting the reconventional demand, which alone is before us on the merits of the cause, only the following is said:

"Alternatively, and without in any manner relinquishing our position on the Motion to Remand, should this Honorable Court find that the record of this case enables it to reach a definitive judgment, then, and in that event, we pray that De-

fendant-Appellant's reconventional demand be recognized and allowed as originally prayed for."

To remand this cause for a new trial, as defendant urges us to do, would certainly be to the great disadvantage of the plaintiff, and we doubt seriously that thereby defendant would benefit in so far as making proof of his reconventional demand is concerned. At issue is only the amount of defendant's expenditures for labor and material required for installing the equipment which he admittedly purchased from plaintiff and received in the early part of 1943 (ten years ago), and it is reasonable to assume that some of the witnesses who testified respecting those expenditures at the trial held on April 26, 1944 would now be unavailable, particularly those appearing for plaintiff corporation the principal place of business of which is Chicago, Illinois.

■ Besides, there appears no good reason for the remand. In charging that the transcript of evidence filed in the record does not contain a large portion of the oral testimony, as well as many of the objections of counsel and rulings of the court, appellant neither particularizes nor directs our attention to any specific omission. Noticeable in the 44 pages of transcribed testimony given by four witnesses (two for plaintiff and two for defendant), it is true, are many misspelled words and innumerable grammatical and typographical errors, apparently the result of inexperience on the part of the court reporter who received the

evidence and reduced it to writing. But we are unable to conclude that such mistakes, annoying and displeasing to us as they are and the like of which we frequently encounter, have rendered the record "too incomplete and inadequate to permit defendant to properly present his case on appeal."

■ Of course, appellant's request of the trial judge to give in writing a finding of facts and reasons for judgment, made in the alternative in connection with the motion for a new trial, was authorized by a provision of Article 7, Section 43 of the Louisiana Constitution, reading: " * * * All district judges, in contested civil, other than jury cases, wherein there is a right of appeal, when requested by either party, shall give in writing a finding of facts and reasons for judgment." However, in an instrument filed here subsequent to the submission of the case on this appeal the trial judge, contrary to the complaint of appellant in his motion to remand, states:

" * * * the Attorney for the Defendant-Appellant filed on September 3rd, 1946, a Motion for a New Trial and alternative request to give in writing, facts and reasons for said judgment, whereupon, I prepared a written opinion, giving my reasons for the judgment as rendered, and overruled the Motion for New Trial and did sign said Judgment in Open Court on the 22nd day of October, 1946.

"The Attorney for Defendant-Appellant thereupon moved for both a sus-

pensive and devolutive appeal, which was granted and the appeal has been lodged in the Supreme Court since the return date.

"My written opinion was filed with the record and I know of no reason why the same was lost or misplaced."

Additionally, in the instrument recently filed here, the judge has set forth his reasons for judgment (as he recalls them) that were embodied in the written opinion rendered some six and one-half years ago.

 If then such request was timely granted, as the judge asserts, it would appear that defendant was derelict in failing to see that the opinion, or a copy thereof if misplaced, was incorporated in the transcript of appeal. Had the request been refused, on the other hand, there was available to him at the time an adequate remedy for compelling the furnishing of that which he sought.

But be that as it may a remand of this case because of the omission from the record of the requested finding of facts and reasons for judgment would of necessity be for the restricted and sole purpose of receiving the writing. Its absence, clearly, could not warrant our ordering a new trial, defendant's request therefor not having been made until after judgment was rendered. And in view of the fact that the trial judge has since furnished his written opinion to this court, as before stated, no useful purpose would be served by a remand.

Although appellant has not seen fit to argue here the merits of his demand in reconvention for labor and material furnished for the installation of the purchased equipment, we have carefully studied the record and are of the opinion that the evidence offered in proof of the claim is insufficient to support an award greater than the $2172 granted him by the district court.

For the reasons assigned the motion to remand is overruled and the judgment appealed from is affirmed at appellant's costs.

FOURNET, C. J., absent.