TATE, Judge.
This is a suit for compensation by Murry Johnson against his former employer, Southern Industries Company, a partnership. From judgment in favor of the defendant dismissing the plaintiff’s suit on the ground that he did not prove that an accident had occurred in the course of his employment, plaintiff has prosecuted this appeal.
Plaintiff alleged that on or about August 13, 1953, while attempting at work to lift a heavy bundle of papers, he fell and struck his back and other parts of his body against a machine. As a result of an injury sustained in this accident, plaintiff claims total and permanent disability.
A denial of the occurrence of the disabling accident having been made as a defense, this question must first be resolved.
This court has the benefit of the written reasons for judgment in favor of defendant handed down by the trial judge. The trial judge ably reviewed the evidence adduced at the trial of the case and concluded that the plaintiff had failed to prove that he was injured while in the course of his employment. The lower court could not find corroborating circumstances to substantiate the plaintiff’s version of the alleged accident.
This court is cognizant of the fundamental principle of our workmen’s compensation act, LSA-R.S. 23:1021 et seq., that the law is to be liberally construed in favor of the injured employee. However, despite this liberality in favor of compensation claimants, the settled rule of jurisprudence is that even in a workman’s compensation case the plaintiff must prove his claim with a degree of certainty.
Plaintiff’s work history shows that he has been principally engaged in small farm activities, or in odd jobs, with two instances of itinerant work on “public jobs”. Plaintiff’s deposition was taken by discovery procedure before the trial of the matter, and he then contended that one, Lonnie Doyle, his brother-in-law, had seen the accident, and also that Doyle had told plaintiff that he had seen it. However, when Doyle was called to the stand on behalf of plaintiff he contradicted these facts. Plaintiff also testified on *751 discovery deposition and again at the trial that he had reported the accident to his foreman, David Thompson, who took him to the office the day after the accident. David Thompson, whose testimony was taken by discovery deposition and who also testified at the trial of the case, emphatically denied that he talked with the plaintiff about the accident, or that he brought the plaintiff to the employer’s office, or that he had the plaintiff make out an accident report, or that the accident had ever been reported to him before plaintiff stopped working for defendant employer.
It is also interesting to note that plaintiff testified that he worked only a day or two after the accident and the pain in his back and leg became so intense that he had to quit working. However, the record reveals that plaintiff worked continuously from August 13th, through August 25th, 1953.
Furthermore, all seven of plaintiff’s co-employees (including those who testified for both the plaintiff and the defendant) stated that they did not note any difference in plaintiff’s manner of working following the alleged accident.
Plaintiff further testified that he had reported the accident to the time keeper of the employer on the day after the alleged injury. However, it is proved by the time keeper that the plaintiff reported the alleged accident “at least two weeks” after August 13th or 14th, the date of the alleged accident.
Poley Buxton, a fellow employee testifying on defendant’s behalf, likewise impeached the testimony of plaintiff. This witness, who daily rode in plaintiff’s pick-up truck back and forth to work, testified that on a Monday morning very shortly before the plaintiff terminated his employment, plaintiff told Buxton on their way to work that he had gotten hurt the day before on his farm. Plaintiff had stated that while riding a horse he “fell someway on the ground making a pass at a yearling” thus “getting stove up and not knowing whether he was going to be able to work or not” that day. Buxton further testified that in their daily rides together plaintiff had never claimed that he had gotten hurt on the job.
The court could review all of the testimony in this opinion but feels that no useful purpose would be served thereby.
The only corroboration to plaintiff’s testimony is a statement by two of his coworkers, his brother-in-law, Lonnie Doyle, and his working partner, Joshua Thompson, to the effect that plaintiff told them a few days before he stopped working that he was hu'rt. 'Neither saw the accident, neither heard plaintiff make any exclamation at the time of the alleged accident, and apparently they testified that plaintiff had simply made the flat statement he had gotten hurt.
Further, Dr. C. L. Saint examined plaintiff on Friday, August 28th, and found tenderness and a bluish discoloration in plaintiff’s left lower back, possibly caused either by the compensable accident or by the non-compensable horse-fall. This, together with the statements of plaintiff to Doyle and Joshua Thompson following the alleged industrial accident, could have been sufficiently corroborative of the accident. Plaintiff’s failure to produce other witnesses, and the negative nature of the testimony of the seven coemployees who testified would not in itself defeat plaintiff’s cause, for we may almost take judicial notice that in a legal conflict between a coemployee and an employer, employees without protected tenure tend on the average to avoid testifying against the interest of their present employer. But the trial court, with the opportunity to see and hear all the lay witnesses, resolved this question of fact and the issue of plaintiff’s credibility against the plaintiff.
The plaintiff’s many contradictory versions of the manner in which the accident occurred, his more than several willful inaccuracies, the fact that the accident itself was not reported as soon as it had occurred — these by themselves would not defeat plaintiff’s claim. The courts will not *752 permit witnesses of a certain type of mentality and character to defeat their own just claim by their attempting to prove or improve it by imaginative testimony. However, the trial court found that beyond plaintiff’s own statements, which themselves it did not accept, there was no corroborating evidence to substantiate his testimony that an accident had occurred in the course of his employment with defendant. We can find no manifest error in the trial court’s thorough review and its appreciation of the facts. This being so, there is no need to consider the question of disability.
For the reasons assigned, the judgment appealed from is affirmed.