TATE, Judge.
Plaintiffs, parents of a minor allegedly injured in the course of his employment with defendant; have appealed from judgment dismissing their suit after trial on the merits.
The District Court did not favor us with reasons for judgment, but it is apparent that its ruling is based upon its finding that no accident occurred while the minor, Richard Donald LeBlanc, was working for Dempsey P. lies. The minor’s duties included loading and unloading trucks with fertilizer, ice, etc., fixing flats, and filling cars with gas and oil at the defendant’s grocery store and filling station.
It is undisputed that on April 7, 1954, LeBlanc was given a half day off for physical examination, and the examining physi- *577 cían found a right indirect inguinal hernia, disabling from the performance of ordinary common. labor. It is further undisputed that on May 25, 1954, LeBlanc was operated on at Lafayette Charity Hospital and the hernia was repaired, that on or about July 27, 1954, by medical testimony the hernia was almost completely healed, and that after August 31, 1954, the minor suffered no further disability.
What is seriously contested is whether, as alleged, LeBlanc suffered a hernia in the course of his employment with defendant lies. LeBlanc testified that on February, 15, 1954, while loading a one-hundred-pound sack of seed, he felt a burning and straining on his right side, but was able to complete loading the sack of seed and continued working for another hour. He testified that he returned home and told hiá mother, father, and a visiting aunt of the injury, and showed them the hernia. His mother corroborated his • story, his father was unable to testify due to illness, and his aunt (who was compelled to attend under subpoena) remembered LeBlanc coming home, but was unable - to recall the date, time of day, or 'any- details whatsoever of the conversation.
Defendant lies testified that he was not informed until April 7, 1954, that- LeBlanc suffered any disability, and that not until after the examination, was he informed by LeBlanc of the alleged accident of February 15, 1954. The records which he produced at the trial indicated no loss of time until April 7, but then only intermittent work by plaintiff 'between April 7th and the operation in May. Defendant produced a former employer of the minor who testified that LeBlanc at the time of his Selective Service registration had casually informed the witness that he. (LeBlanc) would not have to enter military service because he was ruptured.,
Plaintiffs correctly urge that the testimony of the examining physician to the effect that usually, claimants sustaining hernias are unable to continue working .immediately after the accident does not preclude the present claimant’s version that he suffered a burning but was able to continue loading the sack of seed and did not suffer nausea;- see • for -similar., instances, Howell v. Clemons Brothers Lumber Co., La.App. 1 Cir., 32 So.2d 60 (no nausea); Hill v. J. B. Beaird Corporation, La.App., 19 So.2d 295 (continued working when he felt burning; did not realize he suffered a hernia until medically examined 3 days later); McGlothlin v. Ford, La.App., 6 So.2d 754 (succeeded in loading" log after hernia). . .
■ Had the District Court, with its opportunity to. see and hear the witnesses, accepted the claimant’s version, of the ac-, cident as corroborated by his mother’s testimony, we . -believe this ¡determination would have been adequately supported by the record. -Similarly, the District Court’s determination after hearing the sworn .testimony of lies and that of the claimant and •his mother, and in.the-absence of-anyother corroboration that the injury had occurred while the employee was working for lies, is also supported by the record and not manifestly erroneous. Since the plaintiffs did not prove by a preponderance of the evidence that any disabling accident had occurred while the minor was in the course of his employment with defendant-employer, the District Court -correctly dismissed this suit.
For the above and foregoing reasons, the judgment of the District Court herein dismissing plaintiff’s suit is affirmed.
Affirmed.