ELLIS, Judge.
This is a workmen’s compensation suit seeking compensation for and during plaintiff’s period of disability not to exceed 400 weeks. It is alleged that on or about August 5, 1954, the plaintiff in attempting to roll a log with a cant hook suffered an injury when the hook slipped, causing him to strain his abdomen and side. He claims that as a result of this accident he sustained a. right indirect inguinal hernia. The answer denied generally all the allegations of the petition but, as set out in the lower court’s written reasons for judgment, the only dispute is whether the hernia which the plaintiff has is a result of an accident which occurred in the course of his employment.
Upon the trial below, judgment was rendered in favor of the defendants and against the plaintiff rejecting his demands, and the plaintiff has appealed.
The plaintiff is a barber by trade and it appears he had never done any other kind of work until the morning of, August 5, 1954, when he was employed by one of the defendants. He worked for about two or three hours driving a mule team and loading logs upon a log truck and hauling them about 100 yards to a skidway at a saw mill. Having no experience in such work a fellow employee was assigned to show the plaintiff how to load the logs.
The plaintiff himself testified that this fellow employee stayed with him but a short while after which he began loading the truck himself, hauling the logs to the skidway where another employée helped unload them. He states that he returned with the team to the log yard and placed two logs on the truck when he discovered that they had been loaded too close to the mules pulling the truck, and that when he tried to unload them with a cant hook the hook slipped out of the log causing the handle to strike him in the stomach and upon the shin.
On the other hand, a fellow employee testified that the plaintiff was in his view *383 during the whole period that he worked and that at no time did he have a cant hook in his hand; that there was but one hook on the job and it was kept at the skidway; that there was none at the log yard where the plaintiff maintains the accident happened.
Two fellow employees stated that only two loads of logs were hauled while the plaintiff was at work; that the plaintiff hauled only one load, the second having been made by another employee.
None of the other employees heard the plaintiff make any complaint although the plaintiff maintains after he was injured he went to the saw mill and asked for a job there since he couldn’t do the work to. which he had been assigned. Also, although the plaintiff rode with two witnesses from the mill to a town several miles distant, stopped en route and had some beer, hothing was said about his having been injured.
Several witnesses were introduced upon behalf of the plaintiff who testified that they had known him several years while he was a barber and that he seemed to be in good health, but since August 5, 1954, the date of the alleged accident, he had walked with a cane and complained of pains in his stomach. This testimony is corroborated by his wife.
A physician testified that the plaintiff sought his treatment on August 5, 1954, and gave about the same history of the accident as the plaintiff testified to upon the.trial. This doctor found the plaintiff suffered from a right inguinal hernia and a small bruise on his right shin; that there was no particular tenderness on the stomach regions; and that the hernia could have been an old one.
The trial court concluded that the plaintiff had failed to discharge the burden of proving his case and that the defendant had clearly shown that he was not involved in any accident at all nor did he receive any disabling injury during the course of his employment.
While recognizing that the workmen’s compensation law, LSA-R.S. 23:1021 et ,seq., should be liberally construed, in favor of employees, it is true that in such cases, the plaintiff must bear the burden of proof and establish his case by a reasonable preponderance of the evidence, which we do not believe has been done in this case. See Williams v. Harris, La.App., 77 So.2d 744, 745; Johnson v. Southern Industries Co., La.App., 77 So.2d 750; Smith v. International Paper Co., La.App., 73 So.2d 652.
For the above and foregoing reasons the judgment of the District Court is affirmed.