TATE, Judge.
Plaintiff Aucoin appeals from judgment dismissing his workman’s compensations claim against his former employer, J. H. Baumgardner, d/b/a Golden Bakery.
The chief issue before us on appeal is whether plaintiff proved the alleged accident while working on January 3, 1955. The record preponderantly shows that Aucoin was disabled at date of trial on October 6, 1955, by reason of a muscle strain or a tissue injury in the lower back, which disability has persisted from at least January 3, 1955.
The District Court, who saw and heard the witnesses, held that plaintiff did not prove his case with reasonable certainty, apparently (oral reasons were assigned) because:
(1) Aucoin’s • two co-employees working with him on the date of the alleged accident, denied that any accident occurred and testified that earlier in the.morning before the alleged accident, Aucoin had told one of them he felt bad and would go to the doctor later, in the morning; one of these co-employees having been called as a witness by plaintiff;
(2) Dr. Harry Snatic, called by plaintiff, to whom plaintiff reported .at about 1:00 p. m. after an alleged accident of 11:00 a. m. on January 3, 1955, testified positively that Aucoin told him then that the accident had occurred while working on the previous day, January 2, 1955;
(3)Aucoin gave several slightly conflicting versions of the accident on various occasions — -for example, testifying the accident occurred (a) when picking up three or four trays or (b) fifteen trays or (c) a tray loaded with bread or (d) when stooping or bending to do so.
Plaintiff urges with considerable force that the negative testimony of the co-employees is due to the fact that as of the date of the trial they were still employed by defendant and were without protected tenure; that the conflicting versions of the accident are due to Aucoin’s inability to speak English well and the necessity of his testifying and having his history taken by physicians through interpreters; and that Aucoin’s version of the accident is strongly corroborated by his working through the morning until he reported to Dr. Snatic, following which date there is little question as to his consistent disability. (However the co-employees testified that on the morning of the accident Aucoin had no heavy work to do which might have indicated or caused disability.)
Plaintiff urges that defendant’s insinuations that plaintiff hurt himself while off work between January 2 and January 3, 1955, — a possibility because plaintiff’s congenital hunchback . deformity, easily predisposed him to injury (either at work or off), — are totally unsupported by any proof.
In' the last analysis, these strong and able arguments are directed at the District Court’s evaluation of the credibility of the witnesses as to whether an accident within the meaning of the Compensation Act, LSA-R.S. 23:1021 et seq., had occurred at work on the morning of January 3, 1955. We do not feel the District Court’s factual determination that such accident had not occurred, to be manifestly erroneous. The judgment of the District Court dismissing plaintiff’s.,suit will therefore be affirmed. This suit being in forma pauperis, plaintiff will not be taxed with costs.
Affirmed.