113 So.2d 830 (1959)
Earl J. DUPUY, Plaintiff-Appellant,
v.
IOWA MUTUAL INSURANCE CO., Defendant-Appellee.
No. 4856.
Court of Appeal of Louisiana, First Circuit.
June 30, 1959.
Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellant.
Huckabay & Wall, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER and TATE, Judges.
TATE, Judge.
This suit involves a collision between an overtaking vehicle owned by plaintiff and a left-turning vehicle insured by defendant. Plaintiff appeals from the dismissal after trial of his suit to recover the sum of $489.37 property damage sustained by his Ford sedan in the accident of September 26, 1957.
Under the testimony of the defendant's driver, corroborated by his passenger, he turned on his blinking rear signal lights to indicate a left turn well in advance of the turning place and made adequate observation of plaintiff's car to his rear before commencing such turn. According to this testimony, the sole proximate cause of the *831 accident was the excessive speed (of 50 mph or more in a 25 mph zone) of the plaintiff's overtaking car, which defendant's driver was unable to anticipate and therefore commenced the left turn under a reasonable assumption of a proper and lawful speed on the part of the following motorist. McDaniel v. Walker, La.App. 2 Cir., 111 So.2d 208; Newman v. Southern Farm Bureau Cas. Co., La.App. 1 Cir., 110 So.2d 816. The investigating police officer found the turning indicator lights in good working order after the accident.
It is strenuously urged on the part of the plaintiff-appellant that the defendant driver obviously overestimated the distance of the following vehicle when he stated it was 300-400 feet behind him as he commenced the turn during which he was struck a second or so later. Further, it is urged that the testimony of the defendant's driver's father indicates tire or skid marks were made by his car for some distance in advance of the turn, indicating a sudden braking and turning on his part which allegedly corroborates the plaintiff's driver's testimony of a sudden turn in his immediate path (which was also claimed by the latter to be unsignalled.)
While undoubtedly the defendant's driver did verbally overestimate on the stand the distance between him and the following car, in the main outline his version of the accident if accepted by the trial court exculpates himself from negligence. As to the tire marks, the investigating police officer felt that such had been made by plaintiff's Ford rather than defendant's Mercury (Tr. 37). We are unable to say the trial court committed manifest error in accepting as credible the defendant's version of the accident under which its driver was free of negligence contributing to the accident.
However, the most serious question posed by this appeal is the appellant's contention based upon his best recollection (untranscribed oral reasons for judgment were rendered) that the trial court so construed all the testimony, after evaluating the credibility of the witnesses, as to hold both drivers negligent; but nevertheless refused to grant plaintiff judgment on the ground that plaintiff had failed to prove that the bailee driving his car was not his agent or servant.
If the trial court had found both drivers negligent in the premises, we do not believe that for purposes of review such a finding would be manifestly erroneous, according the District Court's evaluation of the credibility of the witnesses the proper and great weight it should have on review.
But then a serious question is posed concerning the plaintiff's right to recover, because so far as the record shows the bailee was not at the time of the accident the owner's agent, employee or minor child and therefore the bailee's negligence could not be imputed to the owner. See Gautreaux v. Faucheaux, La.App. Orleans, 105 So.2d 537; Washington Fire and Marine Ins. Co. v. Wallace, La.App. 2 Cir., 92 So.2d 777. Although we incline to the contrary opinion, perhaps indeed (as we are informed the trial court stated) the owner who entrusts his car to another is under the duty to prove by affirmative evidence that the bailee is not his agent or employee or a minor under his tutorship, rather than is a person injured by operation of the vehicle. Cf., Cofield v. Burgdorf, La.App. 2 Cir., 111 So.2d 845. But we do not feel called upon to decide this interesting question.
For counsel for the defendant-appellee with equal sincerity recollects differently the oral reasons for judgment rendered by the district court and believes that the judgment was grounded upon the complete lack of negligence on the part of defendant's driver. We of course cannot know which of these equally honorable and sincere counsel recollect more correctly.
Under these circumstances, we have determined that we should apply the presumption on appeal that district court judgments are correct and decided according to *832 law, so that the burden is on the appellant to show the contrary. Perkins v. Buchler, 223 La. 179, 65 So.2d 130; Cush v. Griffin, La.App. 2 Cir., 95 So.2d 860; Romero v. Galley, La.App. 1 Cir., 79 So.2d 625. Applying such presumption, we will assume in the absence of other indication in the record that the trial court accepted the testimony offered by defendant's witnesses which exculpated defendant's driver from liability.
Had the plaintiff-appellant felt that the trial court rendered the judgment under a correct appreciation of the facts but a mistaken application of the law and had he desired to record for purposes of appeal such reasons for judgment, any party is entitled to obtain in writing the trial court's factual findings and reasons for judgment. All district judges in appealable contested civil cases (except those tried by jury) "when requested by either party, shall give in writing a finding of facts and reasons for judgment," Art. 7, Section 43, La.Constitution, LSA; Binks Mfg. Co. v. Guillot, 223 La. 338, 65 So.2d 787; Bates v. Hayden, La.App. Orleans, 188 So. 170. Having failed to request the transcription of the findings of fact and reasons for judgment of the trial court, the appellant is not in a position on appeal to complain of prejudice which may have been sustained by him thereby.
For the foregoing reasons, the judgment dismissing plaintiff's suit is affirmed.
Affirmed.