122 So.2d 100 (1960)
Elmo MURPHY, Plaintiff-Appellant,
v.
AMERICAN GENERAL INSURANCE COMPANY, Defendant-Appellee.
No. 9251.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1960.
Rehearing Denied July 18, 1960.
James M. Barton, Joseph R. Bethard, Shreveport, for appellant.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellee.
HARDY, Judge.
This is a compensation claim and plaintiff has appealed from judgment rejecting his demands for total permanent disability.
There is no dispute as to the occurrence of the accident. Plaintiff was employed as a truck driver for Parker Wholesale Company, *101 Inc., and his duties included extremely heavy manual labor in loading and unloading heavy timbers, varying in weight from 150 to 600 pounds. While engaged in unloading lumber from his truck, plaintiff stepped backward off the vehicle and fell to the ground. As a result of the accident plaintiff sustained an injury diagnosed as a separation of the sternoclavicular joint on the right side. A corrective operation was performed by Dr. Albert L. Bicknell, an experienced surgeon, and plaintiff received compensation based upon a forty-hour week at a rate of pay of $1 per hour for a period of fifteen and three-sevenths weeks, after which time payment of compensation was discontinued on the ground that plaintiff had fully recovered from his injury and was able to return to the work which he was performing at the time of the accident.
The record contains the usual conflict of medical testimony. On behalf of plaintiff the testimony of Dr. S. W. Boyce and Dr. Wayne Shepard, both general practitioners, supports his claim that he was disabled from the performance of heavy manual labor and was suffering pain at the time of trial, more than nine months following the accident. Drs. Bicknell, Young and Taylor, all orthopedic specialists, testified on behalf of defendant to the effect that plaintiff had fully recovered and was able to return to work. However, it is noted that Drs. Bicknell and Taylor expressed the opinion that plaintiff continued to suffer from a limited disability estimated at approximately five per cent, related to a limitation of range of motion in the injured joint. This disability is conceded in defendant's answer to plaintiff's petition.
As was stated by this court in the recent case of Jones v. Brewton, La.App., 121 So.2d 600, and authorities therein cited, a percentage estimate of disability is not necessarily a true measure of the effect thereof.
We recognize the authoritative principles urged by counsel for defendant to the effect that the testimony of a treating physician is entitled to greater weight than that of medical experts whose information is confined to sporadic examinations, and, further, that the testimony of specialists in an appropriate field of medicine is more persuasive than that of general practitioners. However, in the instant case we think the question as to plaintiff's disability is not one which necessarily falls primarily in the particular field of orthopedic practice. The testimony of Dr. Boyce, who, though engaged in general practice, is a surgeon of long experience, develops and sustains his opinion that plaintiff suffers from a non-union of the sterno-clavicular joint; that the operative procedure has resulted in the formation of a mass of callous which is subject to tenderness, and that another operation designed to procure a bony union of the joint is desirable. Dr. Boyce's testimony and resulting opinion is subjected to caustic criticism by counsel for defendant, who narrates at some length the observations of the trial judge with reference to Dr. Boyce's qualifications, history of his testimony in other litigated matters, etc. In view of the fact that the reasons for judgment in the lower court were not reduced to writing and are not incorporated in the record, it follows that all references thereto must be disregarded. Purely on the basis of his testimony in the instant case there is nothing which unfavorably reflects upon the soundness of the conclusions reached by this witness. At least some of his observations were corroborated by the testimony of the defendant's medical experts, who concede that there has not been a bony union of the joint; that there is a mass of callous formation, and that plaintiff does suffer a percentage of disability.
Under the circumstances of the serious conflict in the opinions of the medical experts, we think it pertinent to note that the testimony of a number of lay witnesses tendered by plaintiff, whose testimony stands uncontroverted, appears to completely support plaintiff's contentions and testimony *102 that he has been unable to perform manual labor since the occurrence of the accident; that he has been forced to employ labor to operate his small farm, which he was accustomed to do without assistance prior to the accident, and that any effort to perform physical labor is followed by periods of serious pain and discomfort. A further circumstance to be noted is an indication on the part of the treating physician, Dr. Bicknell, that plaintiff should have attempted light work for a period of time preparatory to the resumption of heavy manual labor. There is no showing that plaintiff was ever tendered such employment, and, to the contrary, plaintiff testified that his employer refused to permit him to return to duty because he could not completely perform the duties in which he had engaged prior to the accident. Again, we emphasize the fact that this testimony was uncontroverted and plaintiff's employer did not appear as a witness.
After careful consideration of the record we have reached the conclusion that it justifies the factual finding that plaintiff was incapacitated from the performance of heavy manual labor of the nature in which he had been engaged prior to the accident, without pain, as of the time of trial. Under such circumstances he is clearly entitled to an award as for permanent total disability.
There can be no question as to the conclusion that plaintiff is entitled to a weekly award based upon a six-day week; Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399.
Although plaintiff prayed for the allowance of statutory penalties and attorney's fees, this relief was not urged before this court and is presumed to have been abandoned. In any event, the record fails to justify such an allowance.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed; and
It Is Now Ordered, Adjudged and Decreed that there be judgment in favor of plaintiff, Elmo Murphy, and against the defendant, American General Insurance Company, in the full sum of $31.20 per week for the period of plaintiff's disability, not exceeding 400 weeks, beginning February 19, 1959, less a credit of payments of compensation heretofore made, with legal interest on unpaid installments from the dates due until paid, together with medical expenses heretofore incurred, and for all costs of court.
It Is Further Ordered, Adjudged and Decreed that the fees of plaintiff's attorneys be recognized and fixed at 20% of the first $5,000, and 10% of the award exceeding $5,000, on all amounts paid to plaintiff under this judgment.