TATE, Judge.
Plaintiff’s suit to recover workmen’s compensation benefits was dismissed after trial, and she appeals. The threshold question is whether the claimant’s employment is covered by Louisiana’s workmen’s compensation act, LSA-R.S. 23:1021 et seq.
The plaintiff was employed as a nurse’s aid at a nursing home for elderly people owned and operated by the defendant. Her duties were primarily to attend to the convenience and necessities of the patients. About two months after she entered the defendant’s employment, the plaintiff allegedly injured her back while turning over a patient on February 13, 1959.
Although the employee was injured while performing non-hazardous work in a nonhazardous business, counsel for the plaintiff urges that nevertheless this claimant’s disability is compensable, relying upon the jurisprudence summarized in Luce v. New Hotel Monteleone, Inc., 234 La. 1075, 102 So.2d 461, 463: “It is now well settled that an employee is covered where he is regularly exposed to or is frequently brought in contact with the hazardous feature of the business, even though he is primarily engaged in the non-hazardous part.” (Emphasis supplied by the Supreme Court.)
To prove that her employment at the time of the accident was covered by our compensation statute, the claimant primarily relies upon the testimony of herself, another former employee, and the son of a patient to the effect that she was required as a regular and substantial duty of her employment to wash and dry the laundry of the rest home by the use of the commercial-type equipment in the establishment’s laundry room, which equipment it is claimed is classified as hazardous by the compensation act (see LSA-R.S. 23:1035’s designation of “power laundries” as among the hazardous employment statutorily covered).[1]
However, the trial court accepted as preponderating, contrary testimony (by the defendant herself and three of her present employees, and also by a former employee) that the plaintiff’s only duties were as a nurse’s aid and cleaning woman in connection with the care of the patients, and that the duties of her employment did not include the operation of, nor were they connected with, the laundry equipment. The resolution of the credibility of conflicting witnesses as to factual circumstances is primarily the province of the trier of fact, whose factual appreciations based upon such evaluation should not be disturbed on appellate review in the absence of manifest error. See e. g. Jenkins v. Audubon Ins. Co., La.App., 110 So.2d 221. We are unable to say that the trial court committed manifest error in accepting the testimony offered by the defendant as to this crucial fact, as opposed by the conflicting testimony offered by the plaintiff. The judgment dismissing this suit will therefore be affirmed.
Because the trial court rendered the present judgment orally and without assigning reasons, from the bench immediately following the trial, counsel contends *428 that the same presumption of correctness does not apply to its findings as does when a trial court renders written reasons after studying the transcribed testimony, and he further suggests that this court should not assume that such trial court judgment was based upon an unfavorable evaluation of the credibility of the plaintiff’s witnesses when the trial court has not specifically so stated. Murphy v. American General Ins. Co., La.App. 2 Cir., 122 So.2d 100; Johnson v. Whitfield, La.App. 1 Cir., 89 So.2d 413; Owens v. Felder, La.App.Orleans, 35 So.2d 671.
Without necessarily disputing that under exceptional circumstances perhaps the observations in these cited decisions might be applicable, we think that the general rule of review of cases rendered without written reasons or immediately after '.the 'trial before the transcription of testimony is that, as in other cases, the appellate •courts “should apply the presumption on appeal that district court judgments are correct and decided according to law, so that the burden is on the appellant to show the contrary. Perkins v. Buchler, 223 La. 179, 65 So.2d 130; Cush v. Griffin, La.App. 2 Cir., 95 So.2d 860; Romero v. Galley, La.App. 1 Cir., 79 So.2d 625,” Dupuy v. Iowa Mutual Ins. Co., La.App. 1 Cir., 113 So.2d 830, 831-832. As we noted in this latter case, any party may avoid any feared prejudice to his position on appeal through the failure of the trial court to dictate into the record its reasons for judgment by exercising his constitutional right to request and obtain the trial court’s factual findings and reasons for judgment. 113 So.2d 832. (Of course, in the bulk of especially factual cases the rendition of an oral judgment imediately after trial will facilitate an expeditious disposition of litigation without prejudice to any party, saving as to many unappealed cases the cost of preparing a transcript of evidence.)
We may add that able counsel for the plaintiff-appellant argues most forcefully and persuasively that certain discrepancies between the defendant’s testimony at the trial and at a discovery deposition and in her employment records indicate an overeager and not fully frank effort to prove her defense, and he suggests that in weighing the testimony given by the defendant’s present employees some consideration should be given to the circumstance that the courts “may almost take judicial notice that in a legal conflict between a co-employee and an employer, employees without protected tenure tend on the average to avoid testifying against the interest of their present employer,” Johnson v. Southern Industries Co., La.App. 1 Cir., 77 So.2d 750, 751. See also Aucoin v. Baumgardner, La.App. 1 Cir., 85 So.2d 383; LeBlanc v. Iles, La.App. 1 Cir., 80 So.2d 576. But again, as was noted in these three cited instances where a former employee’s compensation claim was defeated by the contrary testimony of his former employer and of the .employer’s present workers, such circumstances in the evaluation of testimony address themselves primarily to the trier of fact, whose factual determinations after considering these and other factors in the weighing of testimony should not upon review be disturbed except for manifest error.
The plaintiff further relies upon the admission of one of the defendant’s witnesses that this witness had seen the plaintiff in the laundry room several times washing her own clothes (which testimony the plaintiff denied, except for one occasion when she washed her own coat.) However, an employee’s use of the employer’s hazardous equipment for the employee’s own personal benefit, not connected with nor occasioned by the employment, does not render compensable an injury sustained while performing the regular non-hazardous duties of the employment. Fontenot v. Fontenot, 234 La. 480, 100 So.2d 477. Further, the occasional performance of hazardous duties by one employed in a non-hazardous business does not render compensable an accident sustained in the performance of non-hazardous duties in a non-hazardous1 business. Boggs v. Great Atlantic & Pacific *429 Tea Co., La.App. 3 Cir., 125 So.2d 419, and the authorities therein cited.
Before closing we wish to commend particularly counsel for the plaintiff-appellant for his able brief and argument which so concisely pin-pointed the issues of a complex and protracted record.
For the foregoing reasons the judgment of the trial court is affirmed.

. We expressly do not decide, as it is unnecessary for our decision because we have concluded that the claimant was not regularly exposed to contact with such machinery, that such laundry equipment-used in a nursing home is or is not a hazardous feature of- such employment within the meaning of our eómpensatioi act.