FRUGE, Judge.
This is a suit for workmen’s compensation by Euzebe Fontenot against his employer’s insurer. From a judgment in favor of the defendant insurer, dismissing plaintiff’s suit on the ground that he did not prove that he had been injured arising out of and in the course of his employment, plaintiff has appealed to this court.
Appellant alleged that on or about December 23, 1960, while painting the gymnasium floor at the W. O. Boston High School in the City of Lake Charles, Louisiana, he injured his right knee. For this injury, plaintiff claims total and permanent disability.
*177 The following facts are undisputed by the parties to this suit. First, plaintiff was employed at the time of the alleged accident by the Lake Charles City School Board. Second, he was earning wages at a rate which were such that the workmen’s compensation rate would be $33.80 per week in the event of a disabling injury. Lastly, olaintiff was paid compensation through July 7, 1961.
In opposition to plaintiff’s claim, defendant denies that plaintiff suffered an accident arising out of and in the course of his employment. In the alternative, defendant alleges that, in any event, plaintiff was fully recovered from any injury which he might have received on the date compensation payments were terminated.
The lower court, after reviewing the evidence adduced at the trial of this case concluded that plaintiff had failed to prove that he was injured while in the course of his employment. This determination is purely a question of fact, and unless manifestly erroneous, should not be disturbed. Pittman v. Robinson, La.App., 37 So.2d 609; Johnson v. Southern Industries Co., La.App., 77 So.2d 750; Malone, Louisiana Workmen’s Compensation Law and Practice, page 301.
Pertinent to the question of whether plaintiff suffered an injury arising out of and in the course of his employment, the trial judge stated in his written reasons, as follows:
“As I review this testimony pertaining to the occurrence of an accident arising out of and in the course of employment of plaintiff, I look at the history given to Dr. Norman P. Morin, a physician of his choice, Dr. Morin’s secretary, Miss Lydia LeDoux, and the testimony of two men who were working on the job with the plaintiff, Howard Lejeune and Mayo Thibodeaux. Plaintiff reported to Dr. Morin and his secretary on December 28, 1960, that his injury occurred at his home, that it was a private case and that he had Blue Cross insurance for the paying of the physician’s bills. This was later changed on the next visit to Dr. Morin wherein the plaintiff stated he wished to change his history to the extent that he was injured on the job while painting a gymnasium floor at W. O. Boston High School. The evidence is clear that there were six or seven men working in the gymnasium on this particular morning in question, December 23rd, between eight A. M. and twelve-ten P. M. The plaintiff produced no fellow employees that witnesses an accident, nor did he complain to any of the fellow employees on the morning that he had suffered his alleged accident. Only three fellow workers were called to testify in this case. Howard Le-jeune and Mayo Thibodeaux, called by defendant, both testified that they knew nothing of any accident involving plaintiff, nor did plaintiff mention having been involved in any accident that morning. Johnny Wilson’s testimony was vague and uncertain, but he did somewhat remember that plaintiff later told him that he had injured himself on December 23, 1960; however, he could not say that plaintiff related that he sustained the injury while working the morning of December 23, 1960.” (Tr. 44-45.)
The trial judge had the opportunity of hearing the testimony of the witnesses in this case and was therefore in a position to resolve the credibility of their testimony. A review of the record convinces us that he committed no manifest error in reaching the conclusion that plaintiff had failed to prove that he suffered an accident arising out of and in the course of his employment.
For the reasons assigned, the judgment appealed from is affirmed; appellant to pay all costs of this appeal.
Affirmed.