JANVIER, Judge.
Plaintiff, Charles Brock, appeals from a judgment dismissing his suit against the insurance carrier of his former employer for workmen’s compensation benefits.
In the petition it is alleged that plaintiff, while employed for Artcraft Terrazzo, Inc., on November 24, 1964, was lifting a heavy piece of machinery to place it on a truck; that he felt a sting in his stomach and abdomen and immediately reported “the accident to his employer”, and that as a result of the alleged accident he suffered a lumbosacral strain, a hernia, etc., and became permanently disabled.
Defendant insurance company denied that plaintiff had sustained an accident resulting in a compensable injury, or that he was disabled.
The contention of counsel for plaintiff that we should consider the trial judge’s refusal to grant his request for written reasons for the judgment is without merit. Under Article 7, § 43, Constitution of 1921, such a request is authorized. However, upon the refusal of counsel’s request there was available to him at the time an adequate remedy for compelling the trial judge to furnish written reasons. Binks Mfg. Co. v. Guillot, 223 La. 337, 65 So.2d 787.
The record contains a great number of contradictions and inconsistent accounts given by Brock and his witnesses as to the date of the alleged accident, how it occurred, and the alleged immediate report of plaintiff’s alleged injury.
Artcraft Terrazzo, Inc., was no longer doing business when this case was tried in the lower court, but Ronald Watson, who had been its president, and took an active part in the administration of the company, and also Bernard Watson, the company’s general manager, testified on behalf of defendant. They both emphatically denied that anyone reported Brock’s alleged accident until they received a letter from an attorney in March, 1965, notifying them that Brock had been injured by a grinding machine, on May 18, 1964, while in their employ. The attorney did not represent Brock in the trial of this case.
The records of the Charity Hospital show that Brock entered the hospital on November 28, 1964, at 7:25 p.m. The next *894 day he was operated on for a “gangrenous area post strangulated hernia” and an “incidental appendectomy.” He was discharged from the hospital on December 14, 1964, and, according to his testimony, since that time has been unable to work.
Plaintiff testified that in October, 1964, when he was attempting to slide to the ground a bordering machine (which he mispronounced “balding” machine) from atop a truck onto two boards extending from the truck to the doorway of a building, he lost his balance and fell against the wall of the building at which time he was hurt “not too bad” — a “little sting,” “like a bruised place” in his abdomen. Brock says he continued to work that day, which was a Friday, and appeared for work on the following day, but he and a crew of coworkers; through no fault of their own, were not able to work; and that he did work continuously from Friday for six or seven weeks.
Cleotha Causey, foreman on the job, and James Thomas, employees of the corporation, were grinding terrazzo floors inside a building nearby. Causey testified that he saw Brock through a window taking the machine off the truck when it fell; that he went out and spoke to Brock, who said he had been hit but that “it didn’t hurt him”; that later the same day, Causey says he reported “the accident” to Bernard Watson at his office in Jefferson Parish; he also says that Brock reported his “accident” to both Bernard and Ronnie Watson and he was told to go to his own doctor and they would pay the bill, but that Brock did not see the doctor and came to work on Monday and worked for seven weeks every day. Causey and Brock’s brother conveyed Brock to the hospital in November, 1964. The brother knew nothing concerning the alleged accident.
Thomas had known Brock for many years and he says he was working in the house with Causey and gave the date as November 24, 1964; otherwise his testimony is a corroboration of that given by Cau-sey. Another witness for plaintiff, Robert McGee, while having no knowledge of the alleged accident, gave unbelievable evidence of the fact that he had taken Brock to report the accident on that Saturday very early in the morning.
There is no evidence in the record to connect the hernia operation performed on plaintiff in November, 1964, at Charity Hospital with an injury which Brock claims he sustained either in November, October, the summer, or May of 1964.
We have carefully read the evidence in the record and can find no manifest error for reversing the judgment appealed from.
Accordingly, the judgment of the District Court is affirmed.
Affirmed.