HEARD, Judge.
This is an action for rent due under a written lease contract.
David Tucker, sales representative of the lessor, MAI Equipment Corporation, contacted Ray C. Mayo concerning the leasing of certain computer equipment. At this time, Mayo was a partner in the certified public accounting firm of Brooke, Mayo & Derrick and also president of a new corporation, Computer Services, Inc. Mayo signed a lease contract with MAI which he claims was blank at the time he signed it. Nevertheless, the name of the lessee under the contract was Brooke, Mayo & Derrick, by Ray C. Mayo, Partner.
The rental equipment was delivered either to Brooke, Mayo & Derrick or Computer Services. Billing was to Brooke, Mayo & Derrick. Payment was by Computer Services’ checks. Payment of the rental ceased, and MAI sued Brooke, Mayo & Derrick to recover $4,150.05 which was alleged to be the amount of rental past due.
Judgment was rendered rejecting MAI’s demand, and MAI perfected a devolutive appeal.
MAI asserts the judgment should be reversed because the trial judge failed to file written reasons for his judgment despite oral and written request to do so.
“The contention of counsel for plaintiff that we should consider the trial judge’s refusal to grant his request for written reasons for the judgment is without merit. Under Article 7, § 43, Constitution of 1921, such a request is authorized. However, upon the refusal of counsel’s request there was available to him at the time an adequate remedy for compelling the trial judge to furnish written reasons. Binks Mfg. Co. v. Guillot, 223 La. 337, 65 So.2d 787.”
[Brock v. Security Insurance Co., 205 So.2d 892, 893, La.App. 4th Cir. 1968]
The remedy for a refusal to file written reasons after proper request is to invoke the supervisory jurisdiction of the Court of Appeal with an application for a writ of mandamus. LSA-Const. Art. 7 § 29; Rule XII, Uniform Rules of Courts of Appeal. The remedy is not a reversal of the judgment.
MAI asserts that parol evidence should not have been admitted for the purpose of showing that Tucker knew Computer Services was the true lessee. We need not consider argument on the parol evidence rule in light of our conclusion that MAI has failed to carry their burden of proof in this case. The record in this case is woefully inconclusive on the issues of delivery of the equipment, amount of rent owed, amount of rent paid, and billing procedures. MAI simply did not show that Brooke, Mayo & Derrick owed them any *421 thing, and for this reason we hold the trial judge made no error in rejecting MAI’s demand.
For the reasons stated, the judgment appealed from is affirmed, with costs borne by MAI Equipment Corporation.